PEOPLE v GONZALES

Docket No. 122292. Submitted November 12, 1991, at Detroit. Decided March 16, 1992, at 9:00 A.M. Leave to appeal denied, 440 Mich 866.

Ronnie Gonzales was convicted by a jury in the Wayne Circuit Court, Roland L. Olzark, J., of first-degree criminal sexual conduct and kidnapping. He appealed, alleging that the court erred in denying his motion for a mistrial that was based on the complainant's unresponsive outburst before the jury during cross-examination by defense counsel in which she referred to the defendant as a murderer.

The Court of Appeals *held:*

The court did not abuse its discretion in denying the motion after properly instructing the jury to disregard the statement of the witness. If error occurred, it was harmless. An unresponsive, volunteered answer to a proper question is not cause for granting a mistrial.

Affirmed.

MARILYN KELLY, J., dissenting, stated that the case should be reversed because the witness knew that her testimony was inadmissible and prejudicial, the witness' reference to the defendant as a murderer therefore was not harmless beyond a reasonable doubt, and the trial court erred in failing to grant the motion for a mistrial.

1. TRIAL — CRIMINAL LAW — MOTIONS AND ORDERS — MISTRIAL.

The proper standard of review of a trial court's denial of a motion for a mistrial following an unsolicited outburst by a witness is whether the court abused its discretion; a mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way.

2. TRIAL — CRIMINAL LAW — WITNESSES — MOTIONS AND ORDERS — MISTRIAL.

An unresponsive, volunteered answer to a proper question is not

REFERENCES

Am Jur 2d, Trial § 1740.

Emotional manifestations by victim or family of victim during criminal trial as ground for reversal, new trial, or mistrial. 31 ALR4th 229.

cause for granting a mistrial where the jury is properly instructed to disregard the statement.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Kathleen T. Donahue,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan*), for the defendant on appeal.

Before: WEAVER, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MICHAEL J. KELLY, J. Following a jury trial, defendant Ronnie Gonzales was convicted of first-degree criminal sexual conduct and kidnapping. MCL 750.520b; MSA 28.788(2); MCL 750.349; MSA 28.581. The trial court sentenced him to two concurrent prison terms of fifteen to forty years. The sentences were to be served consecutively, to a term that defendant was serving for second-degree murder. On appeal, defendant argues that the trial court should have granted his motion for a mistrial based on the complainant's unresponsive outburst before the jury. We affirm.

Defendant's single-issue claim of error urges reversal for the trial court's failure to grant a mistrial following questioning by defense counsel during cross-examination of the victim:

> *Q. (By Mr. Evelyn):* I'm showing yu [sic] Defendant's Exhibit A, letters that you sent to Mr. Gonzales *when he was in the Wayne county jail.*
> That's kind of more in the nature of a form card that you buy at the store, isn't that right, ma'am?
> *A.* Did I buy this card? No.

*Q.* No, I'm not asking you where you got it.

It isn't really a letter in the sense that everything on it is in your handwriting, is that right?

*A.* Pardon me?

*Q.* Do you see what I just told you?

*A.* No—I'm going to tell you something: You get the letters analyzed.

I have never slept with the scum and what happened to me is not right, and I'm through cooperating with you; do you understand me?

He's an ass hole, murderer, and I don't care if I blew this case.

The harm posited by the defendant as requiring reversal is that the victim's outburst brought to the attention of the jury inadmissible evidence of a prior conviction.

If there was any error, we find it harmless beyond a reasonable doubt. *People v Nichols,* 341 Mich 311, 322; 67 NW2d 230 (1954).

The response was elicited by defense counsel through cross-examination. Before that, defense counsel had brought to the attention of the jury the fact that defendant had been in jail, not once, but five times. Even after the victim's response, defense counsel continued to bring to the jury's attention defendant's prior incarcerations.

It is well settled that the grant or denial of a mistrial is within the sound discretion of the trial court, and there must be a showing of prejudice to the defendant's rights if error requiring reversal is claimed. The trial court's ruling must be "so grossly in error as to deprive a defendant of a fair trial or to amount to a miscarriage of justice." *People v Holly,* 129 Mich App 405, 415; 341 NW2d 823 (1983). In response to defendant's motion for a mistrial or, in the alternative, a request for curative instruction, the trial court cautioned the jury:

*The Court:* Good afternoon. I want to caution you to disregard the outburst that you witnessed this morning; and it is in no way to be considered by you—you're not to use that in considering your verdict in this matter here, what occurred.

And certainly in no way is anything said there to be interpreted to you by [sic] evidence or in any way at all to be used to determine the guilt or innocence of the defendant here.

The improper outburst was not solicited by the prosecutor. Nor does the claim of error involve the erroneous admission of evidence. When error involves the unsolicited outburst of a witness, the correct standard of review is whether the trial court abused its discretion in denying the defendant's motion for a mistrial. A mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way. *People v Lumsden,* 168 Mich App 286, 299; 423 NW2d 645 (1988).

In this case, the jury was properly instructed to disregard the witness' statement. The statement came after considerable sparring between defense counsel and the witness during which the victim amply displayed her animosity, hostility, and outrage. Whether it served defense counsel well or ill is a result not separable from the question of trial strategy. We cannot lightly disregard the context in considering the predicate for the outburst. Furthermore, to permit reversal might improperly encourage overly aggressive, combative, cross-examination tactics, in the hope of soliciting an untoward outburst to harbor as appellate error in the event of an adverse trial result.

This Court in *People v Lumsden, supra,* p 299, held that "an unresponsive, volunteered answer to a proper question is not cause for granting a

mistrial." The trial court did not abuse its discretion in denying the motion for a mistrial.

Affirmed.

WEAVER, P.J., concurred.

MARILYN KELLY, J. *(dissenting).* I respectfully dissent, as I do not believe that the complainant's outburst was harmless beyond a reasonable doubt.

When a witness gives an unresponsive answer containing inadmissible evidence, the case must be very peculiar and strong to justify reversal. *People v Tutha,* 276 Mich 387, 393; 267 NW 867 (1936); *People v Lumsden,* 168 Mich App 286, 299; 423 NW2d 645 (1988). However, we scrutinize an unresponsive, inadmissible statement more carefully when the witness was in a position to know that his or her testimony was improper. See *People v Holly,* 129 Mich App 405, 415-416; 341 NW2d 823 (1983).

Immediately before her outburst, complainant learned that defendant's prior convictions would not be admissible. On cross-examination by defense counsel, she lashed out at defendant calling him a murderer. She then stated, "I don't care if I blew this case."

I am unable to conclude that the reference to defendant as a murderer was harmless beyond a reasonable doubt. Although the jury was aware defendant was in prison, it had no reason to believe he was a murderer. Since the contents of complainant's outburst were both knowingly inadmissible and prejudicial, I believe the trial court erred in failing to grant the motion for mistrial. *Tutha,* 393.

I would reverse.