PEOPLE v STEWART

Docket No. 129343. Submitted February 2, 1993, at Detroit. Decided
April 5, 1993, at 10:45 A.M.

Damon Stewart was convicted by a jury in the Recorder's Court
of Detroit, Vera Massey Jones, J., of third-degree criminal
sexual conduct. The defendant appealed, claiming that the trial
court erred in failing to grant his motion for a mistrial in
which it was alleged that the arresting officer erroneously was
allowed to inject prejudicial irrelevant testimony concerning
another criminal act allegedly committed by the defendant.

The Court of Appeals *held:*

The trial court did not abuse its discretion by denying the
motion for a mistrial. The defendant was offered the opportu-
nity to have a curative instruction given, but he declined the
offer. Further, any error arising out of the police officer's
testimony was not so prejudicial as to deny the defendant a fair
trial or to amount to a miscarriage of justice.

Affirmed.

CONNOR, J., dissenting, stated that the failure to grant a
mistrial amounted to a miscarriage of justice and that a new
trial should be granted because the proffered testimony of the
police officer suggesting the existence of another similar crime
by the defendant denied the defendant a fair trial and the
prejudicial effect could not have been cured by an instruction to
the jury.

*Frank J. Kelley,* Attorney General, *John D.
O'Hair,* Prosecuting Attorney, *Timothy A. Baugh-
man,* Chief of Research, Training, and Appeals,
and *Jeffrey Caminsky,* Assistant Prosecuting At-
torney, for the people.

*Kim D. Johnson,* for the defendant on appeal.

Before: WAHLS, P.J., and MICHAEL J. KELLY and
CONNOR, JJ.

MICHAEL J. KELLY, J. Defendant was convicted by a jury of third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4), and was sentenced thereafter to five to fifteen years' imprisonment. He now appeals as of right. We affirm.

The trial court did not abuse its discretion when it denied defendant's motion for a mistrial. *People v Gonzales,* 193 Mich App 263, 265-267; 483 NW2d 458 (1992). Defendant was offered the opportunity to have any error arising out of the testimony of the arresting officer cured by an instruction to the jury. Defendant did not take advantage of this offer. Further, any error that occurred when the officer made an innocuous reference to another criminal act was not so prejudicial as to deny defendant a fair trial or to amount to a miscarriage of justice.

Affirmed.

WAHLS, P.J., concurred.

CONNOR, J. *(dissenting).* Before the challenged testimony was given, defense counsel alerted the prosecutor that the arresting officer should be questioned carefully and cautioned in advance not to give testimony that defendant was committing another criminal sexual offense at the time of his arrest. Despite the prosecutor's assurances that he did not intend to introduce evidence of another crime, he proceeded to ask the arresting officer a series of unnecessary questions that elicited responsive answers suggesting the defendant and a codefendant were committing another crime involving another victim at the time of their arrest under circumstances that were remarkably similar to those described by the complainant in the instant case.

Because the trial primarily involved a credibility

contest between the complaining witness and the defendant, and in light of the jury verdict that found defendant guilty of a substantially reduced charge, I believe it is manifest that the prejudicial statements of the arresting officer deprived the defendant of a fair trial.

Law enforcement personnel have a special responsibility to ensure fairness in the conduct of criminal trials, and even unresponsive answers, which might be considered harmless if volunteered by a civilian, will be carefully reviewed if a police officer is the source. *People v Holly,* 129 Mich App 405, 415; 341 NW2d 823 (1983). In this case, the injection of the prejudicial testimony cannot be considered inadvertent. The prosecutor posed an open-ended question while delving into irrelevant matters, and either the police officer's reference to another victim was intentionally elicited or the prosecutor was grossly negligent in failing to anticipate the response and in failing to caution the officer beforehand.

I do not agree with the majority opinion that the officer's reference to another criminal act was innocuous, and I do not believe the damage to the defendant could have been dispelled by a curative instruction that would necessarily magnify the prejudice by highlighting the error.

I would find the failure to grant a mistrial amounted to a miscarriage of justice and would grant a new trial.