# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KAYED ALMERAISI,

        Defendant-Appellant.

UNPUBLISHED
December 16, 2014

No. 317339
Wayne Circuit Court
LC No. 12-009367-FC

Before: JANSEN, P.J., and TALBOT and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of four counts of first-degree criminal sexual conduct, MCL 750.520b, and three counts of second-degree criminal sexual conduct, MCL 750.520c. The trial court sentenced defendant to 16 to 30 years' imprisonment for each of the first-degree criminal sexual conduct convictions, and 3 to 15 years' imprisonment for each of the second-degree criminal sexual conduct convictions. We affirm.

On appeal, defendant first contends that the prosecutor committed misconduct resulting in his denial of a fair and impartial trial. We generally review preserved challenges of prosecutorial misconduct de novo. *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003). We decide issues of prosecutorial misconduct on a case-by-case basis by reviewing the pertinent part of the record and evaluating the prosecutor's conduct in context. *Id.* The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Goodin*, 257 Mich App 425, 432; 668 NW2d 392 (2003).

Here, defendant argues that the prosecutor improperly shifted the burden of proof by arguing during closing arguments that the jury should pay attention to what defendant did and did not say in a recorded conversation between defendant and the victim. Specifically, the prosecutor argued that when confronted with the victim's allegations of sexual abuse, "[defendant's] response after she finishes this [was] shhhhh. Not [] no, not [] oh my God, what are you talking about?"

With respect to the first part of the prosecutor's argument—regarding what defendant said in response to the victim's allegations—we find that this argument was proper. A transcript of the recorded conversation was admitted in evidence and read to the jury. In closing arguments, attorneys are permitted to argue the facts in evidence and any reasonable inferences arising therefrom. *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). The

-1-

prosecutor did not alter or misstate what the record reflected. Therefore, the prosecutor properly argued the facts in evidence to the jury.

With regard to the remaining argument, the prosecutor's statements did not amount to an attempt to shift the burden of proof in violation of the Fifth Amendment. See US Const, Am V. The Fifth Amendment does not preclude a prosecutor from commenting on a defendant's silence before any police contact, *Goodin*, 257 Mich App at 432, and a prosecutor's comments on a defendant's pre-arrest conduct does not constitute prosecutorial misconduct, *People v McGhee*, 268 Mich App 600, 634-635; 709 NW2d 595 (2005). Here, the conversation between defendant and the victim was recorded approximately two years before police involvement in the case. Accordingly, we find that the prosecutor did not improperly shift the burden of proof by commenting on defendant's failure to testify or present evidence. See *People v Abraham*, 256 Mich App 265, 273; 662 NW2d 836 (2003).

Further, upon an objection by defense counsel, the trial court instructed the jury to disregard the latter part of the prosecutor's argument concerning what defendant did not say. Jurors are presumed to follow the trial court's instructions. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). Therefore, even if any potential prejudice resulted from the latter half of the prosecutor's argument, it was cured by the trial court's sustained objection and jury instruction. See *id.*

Defendant next contends that the trial court erred in denying his motion for a mistrial that was based on the prosecutor's closing argument. We review a trial court's decision regarding a motion for a mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). An abuse of discretion is found if the trial court's decision is outside the range of reasonable and principled outcomes. *Id.*

"A mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant . . . and impairs his ability to get a fair trial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995). Because we conclude that the prosecutor did not commit misconduct denying defendant a fair and impartial trial, we find that the trial court also did not abuse its discretion in denying defendant's motion for a mistrial on the same grounds. There was no error in the prosecutor's closing argument, and certainly, there was no error that was "so egregious" that there is no other way besides declaring a mistrial for the prejudicial effect to be removed. See *People v Gonzales*, 193 Mich App 263, 266; 483 NW2d 458 (1992).

Lastly, defendant argues that the prosecution presented insufficient evidence to support his convictions of first- and second-degree criminal sexual conduct. We disagree.

We review challenges to the sufficiency of the evidence de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Viewing the evidence in a light most favorable to the prosecution, we must determine whether a rational jury could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). All conflicts in the evidence must be resolved in favor of the prosecution. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

Defendant's convictions for first-degree criminal sexual conduct, arising under MCL 750.520b(1)(a), require that (1) defendant engaged in sexual penetration with the victim, and (2) the victim was under 13 years of age. *People v Hack*, 219 Mich App 299, 303; 556 NW2d 187 (1996). "Sexual penetration" is defined by statute as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body . . . into the genital or anal openings of another person's body . . . ." MCL 750.520a(r).

Two of defendant's convictions for second-degree criminal sexual conduct, arising under MCL 750.520c(1)(a), require that (1) defendant engaged in sexual contact with the victim, and (2) the victim was under 13 years of age. *People v Piper*, 223 Mich App 642, 645; 567 NW2d 483 (1997). "Sexual contact" is defined by statute as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification [or] done for a sexual purpose . . . ." MCL 750.520a(q). Intimate parts are defined by statute to include "the primary genital area, groin, inner thigh, buttock, or breast of a human being." MCL 750.520a(f).

Defendant's other conviction for second-degree criminal sexual conduct, arising under MCL 750.520c(1)(b)(ii), requires that (1) defendant engaged in sexual contact with the victim, (2) the victim was between the ages of 13 and 16, and (3) defendant is related to the victim "by blood or affinity to the fourth degree." MCL 750.520c(1)(b)(ii).

Defendant concedes that the elements of the victim's age at the time of the charged acts and the blood relationship between defendant and the victim were met. Defendant argues, however, that the victim's testimony was insufficient to support his convictions and that the lack of corroborating evidence calls for reversal. We disagree.

In criminal sexual conduct cases, a victim's testimony may be sufficient to support a defendant's conviction and need not be corroborated. *People v Brantley*, 296 Mich App 546, 551; 823 NW2d 290 (2012); MCL 750.520h. Here, the victim testified about two separate occasions, when she was under the age of 13, and the defendant put his fingers inside both her anal and vaginal openings, thereby engaging in four separate acts of sexual penetration. See MCL 750.520a(q). She also testified that defendant touched her breasts on two occasions, thereby engaging in two separate acts of sexual contact. See MCL 750.520a(r). And, finally, supporting defendant's conviction for second-degree criminal sexual contact under MCL 750.520c(1)(b)(ii), the victim testified that defendant again put his finger in her anal opening on another occasion when the victim was between the ages of 13 and 16. Therefore, we conclude that sufficient evidence was presented supporting all of defendant's convictions for first- and second-degree criminal sexual conduct. Moreover, we conclude that the victim's testimony was, in fact, somewhat corroborated by the recorded conversation between the victim and defendant.

Affirmed.

/s/ Kathleen Jansen
/s/ Michael J. Talbot
/s/ Deborah A. Servitto

-3-