# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JERRY LEE KATT, JR.,

Defendant-Appellant.

UNPUBLISHED
July 23, 2015

No. 321698
Berrien Circuit Court
LC No. 2013-003588-FC

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant appeals by right his convictions after a jury trial of four counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a) (victim under age 13), and three counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a) (victim under age 13). We affirm.

Trial evidence established that defendant had oral and anal sex with the victims, who were both under age 13, multiple times over the course of four years. During the trial, the prosecution asked a nurse examiner witness when one of the victims said the sexual abuse began, and the witness responded, "[a]fter [defendant] got out of prison, which is about 2009[.]" The trial court denied defendant's motion for a mistrial and instructed the jury to disregard the statement. Defendant asserts that the trial court erred in denying his motion for a mistrial.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *People v Dennis*, 464 Mich 567, 572; 628 NW2d 502 (2001). A trial court abuses its discretion when it chooses an outcome "outside the range of principled outcomes." *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). A trial court should exercise its power to grant a mistrial with great caution and only do so where imperative to cure very plain and obvious error. *People v Barker*, 161 Mich App 296, 305; 409 NW2d 813 (1987). A mistrial is proper "only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *Schaw*, 288 Mich App at 236 (quotation omitted). Stated otherwise, a mistrial is appropriate only where the error is so egregious that its prejudicial effect can be removed in no other way. *People v Gonzales*, 193 Mich App 263, 266; 483 NW2d 458 (1992).

In general, an unresponsive, volunteered answer to a question not specifically designed to elicit the answer is not grounds for a mistrial. *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995). In this case, the trial court determined that the prosecutor did not intentionally elicit the witness's inadmissible remark. The prosecutor asked an appropriate and

-1-

relevant question regarding when the victim reported that the abuse began. The victim's statement on the matter was relevant for purposes of medical treatment under MRE 803(4). And, after defendant's objection, the prosecutor informed the trial court that the witness never referred to defendant's imprisonment in her reports, that she had no reason to believe the witness even knew defendant had been in prison, and that she had admonished those witnesses she believed might refer to defendant's imprisonment not to do so. The trial court noted the prosecutor's "shocked" expression at the witness's testimony and concluded that the prosecutor did not intend to elicit the comment. Accordingly, the trial court did not clearly error by finding that the witness's comment was an unresponsive, volunteered answer to a proper question that was not specifically designed to elicit that answer, and, therefore, not grounds for granting a mistrial. *Id.*

Additionally, the witness's comment was not so prejudicial to defendant that it impaired his ability to get a fair trial. *Schaw*, 288 Mich App at 236. Unlike cases where we have found an unresponsive and inadmissible answer mandated a mistrial, this witness was not a police officer, who might otherwise know that testimony concerning a defendant's criminal history is generally not permitted. See *People v McCarver (On Remand)*, 87 Mich App 12, 15; 273 NW2d 570 (1978), and *People v Page*, 41 Mich App 99; 199 NW2d 669 (1972). Additionally, the evidence against defendant in this case was strong. In a CSC case, a victim's testimony alone can be sufficient for a jury to convict a defendant. MCL 750.520h; *People v Lemmon*, 456 Mich 625, 642 n 22; 576 NW2d 129 (1998). Each victim testified in graphic detail to defendant's abuse. Each victim's testimony was consistent with that of the other victim and consistent with their prior statements to forensic interviewers and nurse examiners. One victim's anal scarring, to which the nurse examiner testified, was consistent with anal penetration the victim described.

Considering the amount of evidence against defendant, we agree the witness's brief reference to defendant's past imprisonment was not so egregious that its prejudicial effect could not be cured by any other means than a mistrial. *Gonzales*, 193 Mich App at 266. The trial court provided a curative instruction shortly after the witness's remark, stating that the statement was irrelevant and must be disregarded," and it could not "play any part in your deliberations in the matter whatsoever." Jurors are presumed to follow the trial court's instructions and it is also presumed that instruction cure most errors. *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). In light of the strong evidence against defendant, we conclude he has not shown that the witness's remark was so prejudicial that his right to a fair and impartial trial was impaired. *Schaw*, 288 Mich App at 236. Accordingly, the trial court's decision was not an abuse of discretion because it was within the range of principled outcomes. *Id.*

We affirm.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens