# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

BILLY WAYNE WELCH, JR.,

      Defendant-Appellant.

UNPUBLISHED
July 19, 2016

No. 326511; 329812
Isabella Circuit Court
LC No. 2014-001558-FC

Before: OWENS, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Defendant, Billy Wayne Welch, Jr., was convicted by a jury of assault with intent to rob while armed, MCL 750.89, conspiracy to commit assault with intent rob while armed, MCL 750.157a; MCL 750.89, and aggravated assault, MCL 750.81a, and was sentenced as a fourth-offense habitual offender, MCL 769.12, to 35 to 60 years' imprisonment for the assault-with-intent and conspiracy convictions and to 205 days' imprisonment for the aggravated-assault conviction. We affirm.[1]

Defendant's convictions arise out of the robbery of a taxi driver that was committed by defendant and several other individuals. While robbing the driver, defendant and one of the other individuals, Matthew Epps, pointed imitation handguns at the driver's head and threatened his life. Upon exiting the taxi after the robbery, defendant struck the driver in the head with the handgun. Three of the individuals involved, Epps, Thad Brisboy, and Jennifer Baugher, testified against defendant as required by their plea agreements. Defendant was subsequently convicted and sentenced as described above. On appeal, defendant first argues that he is entitled to a new trial or a remand for an evidentiary hearing because the prosecutor coerced Epps and Brisboy to testify falsely against him. Second, he argues that he is entitled to a new trial because the prosecutor argued facts not in evidence and impermissibly vouched for the prosecution's

---

[1] Defendant appealed as of right from both his March 6, 2015 judgment of sentence and his October 6, 2015 amended judgment of sentence. This Court consolidated those appeals. *People v Billy Wayne Welch, Jr,* unpublished order of the Court of Appeals, issued November 18, 2015 (Docket Nos. 326511 and 329812).

witnesses during his rebuttal to defense counsel's closing argument. We disagree with both arguments.

As stated above, defendant's first argument on appeal is that the prosecutor coerced Epps and Brisboy to testify falsely against defendant. Specifically, defendant claims that the prosecutor threatened to rescind their plea agreements if they did not falsely testify that they "heard [defendant] say during the robbery, 'Well, I guess this it, you seen our faces, and we are the 1% (percenters).' "[2] To support this argument, a document entitled "AFFIDAVIT OF MATTHEW DAVID EPPS" is included with defendant's brief on appeal. According to that document, which is not an affidavit,[3] Epps decided to disclose "that the prosecutor instructed [him] to lie regarding certain aspects of the case" to defendant after being sentenced under the terms of the plea agreement. Consequently, defendant argues, this matter should be remanded for an evidentiary hearing to determine whether the prosecutor did, in fact, use false evidence to obtain his conviction.

A prosecutor is prohibited from using false evidence to obtain a conviction. *People v Smith*, 498 Mich 466, 475-476; 870 NW2d 299 (2015). Likewise, a prosecutor is constitutionally obligated to report when a prosecution witness lies under oath. *People v Herndon*, 246 Mich App 371, 417; 633 NW2d 376 (2001). Even if a prosecutor does not solicit false testimony, it is inconsistent with due process for the prosecutor not to correct the false testimony from the prosecution's own witnesses. *People v Wiese*, 425 Mich 448, 453-454; 389 NW2d 866 (1986). Nevertheless, a prosecutor's failure to correct false testimony requires reversal only when there is a reasonable likelihood that the false testimony could have affected the jury's judgment. *People v Canter*, 197 Mich App 550, 568; 496 NW2d 336 (1992). To determine whether reversal is warranted, i.e., whether the failure to correct false testimony deprived defendant of due process, this Court looks to the effect of the prosecutor's failure to correct the false testimony. *Smith*, 498 Mich at 476; see also *Smith v Phillips*, 455 US 209, 220, n 10; 102 S Ct 940; 71 L Ed 2d 78 (1982).

Applying those rules to this case, it is important to first make clear that we are assuming for purposes of this appeal that, in fact, the prosecutor failed to correct (and apparently coerced) false testimony, which is a claim made for the first time on appeal that is wholly unsupported by the record.[4] Nevertheless, assuming it to be true, we conclude that defendant is not entitled to a

---

[2] According to a police officer who testified at trial, "one percenters" "usually refers to a motorcycle gang or the outlaw motorcycle gangs, because they are considered one percent of all gangs, of all motorcycle riders."

[3] The document is merely a typed statement signed by an individual who purports to be Epps. It is not, for example, notarized (or even witnessed) by anyone.

[4] Nothing in the record provides factual support for this argument. The *only* support for defendant's claim is the self-serving document included with his brief on appeal that is described above. We think it is important to keep in mind that Epps, defendant's co-defendant and friend, admitted to lying on the witness stand to defendant while in prison together only after he had been sentenced under a plea agreement that required his truthful testimony. At a minimum, there

new trial. Defendant was convicted of assault within intent to commit armed robbery[5] and conspiracy to commit the same[6] as well as aggravated assault[7]. As reflected by the elements of those crimes, having "seen [their] faces" and membership in the "1% (percenters)" is not required. Indeed, even on appeal, defendant never challenges Epps's or Brisboy's testimony that was necessary to prove the crimes at issue. Epps testified that defendant mentioned that the individuals could rob the taxi driver, handed Epps the imitation handgun to do so, pointed the gun at the driver, and did all of the talking. Brisboy confirmed Epps's account of these events. The taxi driver testified similarly, and he expressly stated that the individual whom the codefendants identified as defendant was the individual who struck him in the head with the imitation handgun while exiting the taxi. Epps, Brisboy, and Baugher either observed defendant strike the driver or recalled defendant admitting to having done so after the fact. It is this evidence, not testimony regarding membership in a motorcycle gang, that supported defendant's convictions, and defendant does not challenge it on appeal. In fact, the prosecutor never mentioned the allegedly false testimony during his closing or rebuttal arguments. Because this testimony did not relate to elements of the charged offenses, we conclude that there is no reasonable likelihood that it would have impacted the judgment of the jury. *Canter*, 197 Mich App at 568. Thus, a new trial is not required.

On appeal, defendant also argues that he was deprived of his constitutional right to a fair trial in light of a comment made by the prosecutor in his rebuttal to defense counsel's closing argument. Specifically, defendant takes issue with the following comment made by the prosecutor in response to defense counsel's closing argument: "Ladies and gentlemen, never, never, never did I offer this Defendant Welch any sort of plea deals to testify against the co-defendants." Relatedly, he argues that the trial court abused its discretion in denying his motion for a mistrial in light of those remarks. Thus, defendant claims, he is entitled to a new trial.

"[A] claim of prosecutorial misconduct is a constitutional issue reviewed de novo." *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003). We review prosecutorial-misconduct claims "on a case-by-case basis, in the context of the issues raised at trial, to determine whether a defendant was denied a fair and impartial trial." *People v Fyda*, 288 Mich

---

are concerns over the credibility of this document. Further, as the prosecution correctly recognizes, the document itself is beyond the record on appeal. *Canter*, 197 Mich App at 557 ("Because this Court's review is limited to the lower court record, those documents will not be considered."). Thus, we should not even consider it.

[5] In order to be convicted of assault with intent to rob while armed, a defendant must (1) assault the victim with force and violence, (2) do so with an intent to rob or steal, and (3) be armed. MCL 750.89.

[6] In order to be convicted of conspiracy to commit assault with intent to rob while armed, a defendant must conspire with at least one more person to commit an offense prohibited by law or commit a legal act in an illegal manner, which, in this case, was assault with intent to rob while armed. MCL 750.157a.

[7] In order to be convicted of aggravated assault, a defendant must assault another individual without a weapon in a manner that inflicts serious or aggravated injury upon that individual without the intent to commit murder or to inflict great bodily harm. MCL 750.81a(1).

App 446, 460; 793 NW2d 712 (2010). While prosecutors are generally free to argue the evidence and all reasonable inferences from the evidence, they are not permitted to "make a statement of fact to the jury that is not supported by evidence presented at trial and may not argue the effect of testimony that was not entered into evidence." *People v Unger*, 278 Mich App 210, 241; 749 NW2d 272 (2008); see also *People v Fisher*, 193 Mich App 284, 291; 483 NW2d 452 (1992). That said, defendants are "entitled to a fair trial, not a perfect one." *Abraham*, 256 Mich App at 279.

Applying those rules to this case, it is apparent that the prosecutor's remark at issue was improper. The fact that the prosecution did not offer defendant a plea deal to testify against his codefendants was not reflective of any evidence that was admitted during trial. However, we cannot ignore the context in which this remark was made "because an otherwise improper remark may not rise to an error requiring reversal when the prosecutor is responding to the defense counsel's argument." *People v Kennebrew*, 220 Mich App 601, 608; 560 NW2d 354 (1996). And that is precisely what happened in this case.

> During her closing argument, defense counsel argued, in pertinent part, as follows:
>
> > And so what does [defendant] do? [Defendant] doesn't point the finger at anybody else. He doesn't point the finger at anybody else. And in his jail call he explains why; because the Indian guys have been good to him, they had stuck by him, and he's not going to roll, he's not going to turn on them.
> >
> > *They tried to get him. They tried to get him to testify against somebody else. The DA, he says, came at him, but he's not going to do it. It's not right.* He says he doesn't want to go to prison for something he didn't do, but he's not going to roll. It's not right because he's got these friends and he thinks his friends are sticking by him, so that's . . . why he lies, essentially. [Emphasis added.]

The prosecutor responded to defense counsel's claim that the prosecution "tried to get him to testify against somebody else," and he did so as follows:

> > The plea deals. [Defense counsel] suggests that the prosecutor, who is myself handling the case, approached [defendant] with a plea deal because [defendant] referred to it in a jail call where he calls this person, this female named Chris in New York. And that the DA, the prosecutor is trying to get me to turn on these others and I won't do it. So she's taking liberty with that statement. Okay.
> >
> > Ladies and gentlemen, never, never, never did I offer this Defendant . . . any sort of plea deals to testify against the co-defendants.

As stated above, this remark was improper. However, it was directly in response to defense counsel's argument that the prosecutor did, in fact, "tr[y] to get him to testify against somebody else." As indicated above, the context of a prosecutor's improper remark is crucial to the determination of whether reversal is required. *Kennebrew*, 220 Mich App at 608; see also *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002) ("The propriety of a

prosecutor's remarks depends on all the facts of the case."). In light of its context, the improper remark was harmless. Thus, a new trial is not required.

Furthermore, even if we assume that the improper remark at issue was not made in response to defense counsel's closing argument, defense counsel objected immediately after the statement was made, and the trial court issued an immediate instruction. While it appears that the beginning of the instruction was not transcribed into the record, the remainder of the instruction appears as follows:

> . . . jury to strike that last comment because it was not part of the evidentiary record. We did not hear any testimony in trial about that and you have to base your verdict on the evidence admitted, not the statements of the lawyers. It has to be on the evidence.

During its final instructions to the jury, the trial court again instructed the jury that "[t]he lawyers' statements and arguments are not evidence" and that its verdict must be "based only on the evidence and [the trial court's] instructions on the law." "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *Abraham*, 256 Mich App at 279. While improper, the prosecutor's remark simply did not have "a prejudicial effect so severe that it was not cured by the instruction appropriately issued." *Id*. Thus, a new trial is not required.

As indicated above, defendant relatedly argues that the trial court abused its discretion in denying his motion for a mistrial after the remark discussed above was made. A motion for a mistrial should be granted only when an error is "so egregious that its prejudicial effect can be removed in no other way." *People v Gonzales*, 193 Mich App 263, 266; 483 NW2d 458 (1992). In light of our conclusion above, we discern no error in the trial court's decision in this respect. As the trial court correctly indicated in denying defendant's motion, the prosecutor's improper remark was made in direct response to defense counsel's assertion that the prosecution "tried to get him to testify against somebody else." Moreover, the prejudicial effect of the prosecutor's remark could have been, and was, removed in a way other than by declaring a mistrial—the trial court expressly and immediately instructed the jury to not consider the remark. Because the prejudicial effect of the improper remark could have been, and was, removed in another way, a mistrial was not required. *Id*. For the same reasons, the trial court's decision to deny the motion did not constitute an abuse of discretion. Thus, a new trial is not required.

Affirmed.

/s/ Donald S. Owens
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien

-5-