*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 12, 2020

v

No. 347732
Wayne Circuit Court
LC No. 17-009007-01-FH

DEMARCO ROOSEVELT BRADBURY,

Defendant-Appellant.

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of impeding a witness, MCL 750.122(6). The trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to 3 years 10 months to 15 years' imprisonment.[1] We affirm.

## I. BACKGROUND

While awaiting trial on charges of kidnapping, first-degree criminal sexual conduct, felon-in-possession, and felony-firearm with respect to an incident between him and the complainant, defendant made several calls from the Wayne County Jail. These calls were recorded. During one call that occurred on August 10, 2017, defendant is heard speaking with an unnamed woman and the woman states, "[a]s long as [the complainant] don't come to court, you're going to be straight." Defendant responded, "[m]an, that's why I need someone to call that b**** right now." He then tells the woman, "I hope she don't come next week. Please Lord."

---

[1] Defendant was acquitted of one count of kidnapping, MCL 750.349, two counts of first-degree criminal sexual conduct, MCL 750.520b, one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, in a separate matter that the trial court consolidated with the instant matter for purposes of trial.

Three days later, on August 13, 2017, defendant made three calls to his mother within a two-hour timespan in an effort to obtain the telephone number of Kim Robinson, his child's mother. Once he obtained the number, defendant immediately called Robinson. During the call, defendant told Robinson, "I need you to call this girl and tell this b**** she better not come to court lying on me about this bull**** she got me up here on."

Five or six days before the preliminary examination, Robinson and defendant's sister called the complainant. They told the complainant: "Demarco said don't go to court. You know what's up." Despite the call from Robinson and defendant's sister, the complainant appeared at the preliminary examination and testified. Defendant was ultimately convicted of impeding a witness. This appeal followed.

## II. INSUFFICIENT EVIDENCE

Defendant argues that the evidence submitted to the jury regarding the impeding a witness charge was insufficient to convict him beyond a reasonable doubt because his statements on the telephone recordings do not show that defendant wanted to threaten the complainant or prevent the complainant from testifying. We disagree.

"Claims of insufficient evidence are reviewed de novo." *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take evidence in the light most favorable to the prosecutor." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010). "[T]he question on appeal is whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). "All conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). "To evaluate the sufficiency of the evidence, we must review the evidence in the context of the elements of the charged crimes." *People v Bosca*, 310 Mich App 1, 17; 871 NW2d 307 (2015).

To convict an individual under MCL 750.122(6), the prosecutor must prove beyond a reasonable doubt that the defendant:

> (1) committed or attempted to commit (2) an act that did not consist of bribery, threats or intimidation, or retaliation as defined in MCL 750.122 and applicable case law, (3) but was any act or attempt that was done willfully (4) to impede, interfere with, prevent, or obstruct (5) a witness's ability (6) to attend, testify, or provide information in or for a present or future official proceeding (7) having the knowledge or the reason to know that the person subjected to the interference could be a witness at any official proceeding. [*People v Greene*, 255 Mich App 426, 442-443; 661 NW2d 616 (2003).]

In *Greene*, we explained that under MCL 750.122(6), "someone who *impedes* a witness may not actually *prevent* the witness from testifying . . . ." *Id*. at 440. Thus, MCL 750.122(6) "makes illegal *any* act or attempt, no matter its form, to keep the witness from attend[ing],

testify[ing], or provid[ing] information in or for a present or future official proceeding by affecting the witness's ability to do so." *Id*. at 441 (alterations in original).

On appeal, both parties go to great lengths to explain whether defendant's statements on the recordings constituted a threat to the complainant. However, defendant was not charged with threatening or intimidating a witness, which is proscribed conduct under MCL 750.122(3). Rather, defendant was charged with impeding or obstructing a witness under MCL 750.122(6). Thus, whether defendant's conduct constituted a threat or intimidation of a witness is irrelevant to the issue of whether the jury could convict defendant of impeding a witness under MCL 750.122(6). See *Greene*, 255 Mich App at 438 ("Conduct that violates one subsection in MCL 750.122 may not necessarily violate another subsection in the statute; conduct necessary to violate one subsection may be unnecessary to violate another.").

In any event, we find that there was sufficient evidence for the jury to convict defendant of impeding a witness. On August 13, 2017, defendant called Robinson and asked her to call the complainant. Defendant admitted at trial that he knew if the complainant did not appear at the preliminary examination, the charges against him would be dropped. Contrary to defendant's argument, he did not tell Robinson to tell the complainant to "come to court and tell the truth." Rather, he told Robinson to "tell this b**** she better not come to court lying on me about this bull**** she got me up here on."

On the basis of the above statement, it was reasonable for the jury to find beyond a reasonable doubt that defendant intended that Robinson would call the complainant in an effort to prevent or impede her from testifying at the preliminary examination. See *People v Perry*, 317 Mich App 589, 599; 895 NW2d 216 (2016) ("Circumstantial evidence and reasonable inferences arising from that evidence can sufficiently prove the elements of a crime, including the defendant's state of mind, knowledge, and intent."). And in fact, this is exactly what occurred; the complainant testified that, five or six days before the preliminary examination, Robinson and defendant's sister called her and told her "don't go to court."

Defendant claims that his statement to Robinson was ambiguous and could equally be interpreted as asking Robinson to tell the complainant to come to court and tell the truth, requiring us to conclude that there was insufficient evidence for his conviction. However, "[t]he prosecution need not negate every reasonable theory consistent with the defendant's innocence, but merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide." *People v Konrad*, 449 Mich 263, 273 n 6; 536 NW2d 517 (1995). The jury was presented with both parties' interpretations of the evidence and chose to convict defendant. This Court will not interfere with the jury's role in determining the weight of the evidence or credibility of witnesses. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), mod 441 Mich 1201 (1992).

## III. DENIAL OF MOTION FOR MISTRIAL

Defendant next argues that the trial court abused its discretion and denied defendant a fair trial when it denied his motion for a mistrial on the basis of the complainant's statement that defendant was a "dope man." We disagree.

"The denial of a motion for a mistrial is reviewed for an abuse of discretion." *People v Alter*, 255 Mich App 194, 205; 659 NW2d 667 (2003). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Unger*, 278 Mich App at 217. To succeed on a motion for mistrial "[t]he moving party must establish that the 'error complained of is so egregious that the prejudicial effect can be removed in no other way.' " *People v Dickinson*, 321 Mich App 1, 18; 909 NW2d 24 (2017), quoting *People v Gonzalez*, 193 Mich App 263, 266; 483 NW2d 458 (1992).

During defendant's trial, the complainant gave the following answer to the prosecutor's question about what the complainant meant when she had previously described defendant, in a written statement, as an "old friend":

> Like I just, I just try not to be disrespectful when I'm describing people in the neighborhood by calling then [sic] thugs, dope men, you know. I was just trying to be respectful, but no, like an old friend, we ain't never hung out. We ain't got issues together. We ain't never called each other, never dated, nothing like that. He was just an old neighborhood dope man . . . .

In response to defense counsel's objection, the trial court struck the response. Defendant then moved for a mistrial, which the trial court denied. Instead, the trial court gave the following curative instructions at the end of the case:

> At times during the trial I have excluded evidence that was offered or stricken certain testimony that was heard. Don't consider those things in deciding the case. Make your decision only on the evidence that I let in and nothing else.
>
> * * *
>
> Now during the course of the trial, ladies and gentlemen, you heard testimony that defendant was in jail during the pendency of the case. You also heard testimony that defendant may have sold drugs in 2010. You may not consider this testimony in deciding if the defendant is guilty of the charges alleged in the current Information.

Defendant concedes the statement was unresponsive to the prosecutor's question. We have previously held that "an unresponsive, volunteered answer to a proper question is not grounds for the granting of a mistrial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995). "A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial." *People v Lugo*, 214 Mich App 699, 704; 542 NW2d 921 (1995).

In *Gonzalez*, we concluded that the trial court did not abuse its discretion when it denied a motion for a mistrial following a single inflammatory outburst from a witness about the defendant. *Id.*, 193 Mich App at 265-266. The outburst was an unresponsive, volunteered statement in response to defense counsel on cross-examination. *Id.* at 265. Following the outburst, the trial court cautioned the jury that it should disregard the statement and that the statement should not be used as evidence. *Id.* at 266.

-4-

Similarly, in *People v Waclawski*, 286 Mich App 634, 709-710; 780 NW2d 321 (2009), we concluded that the trial court did not abuse its discretion when it denied the defendant's motion for a mistrial after the witness, a police officer, stated that law enforcement seized marijuana from defendant's property. Noting that the testimony was "an isolated comment that was not repeated or explored further," and that the trial court gave a curative instruction, we concluded the defendant was not prejudiced by the statement. *Id*.

This case is similar. The statement that defendant was a "dope man" was made in response to a question from the prosecutor as to how the complainant knew defendant. There is no dispute that the complainant's testimony about defendant being a "dope man" was inadmissible. Thus, the pertinent question is whether defendant was so prejudiced by the statement that the only way to cure the error and provide defendant with a fair trial was to declare a mistrial. *Dickinson*, 321 Mich App at 18.

The statement was unresponsive to the prosecutor's question, was struck from the record, and defendant himself admitted to smoking marijuana and purchasing pills and marijuana on the evening of the alleged offense. Moreover, a comprehensive curative instruction was given to the jury at the close of the case. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). It appears from the jury's verdict, which acquitted defendant of five of the six most serious offenses, that the statement did not prejudice defendant or deny him of his right to a fair trial.

Affirmed.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto