PEOPLE v KLOOSTERMAN

Docket No. 303443. Submitted April 13, 2012, at Grand Rapids. Decided
    May 22, 2012, at 9:00 a.m. Leave to appeal denied, 493 Mich 877.
A jury in the Kent Circuit Court, Paul J. Sullivan, J., convicted Eric
    A. Kloosterman of conducting a criminal enterprise (racketeering)
    in violation of MCL 750.159i(1) for fraudulently returning mer-
    chandise to a store. Defendant appealed.

The Court of Appeals *held*:

1. MCL 750.159i(1) prohibits a person employed by or associ-
ated with an enterprise from knowingly conducting or participat-
ing in the affairs of the enterprise directly or indirectly through a
pattern of racketeering activity. Although the statutory definitions
of "person" and "enterprise" include an individual, these words
must be considered in the context of the provision as a whole.
Because of the way in which MCL 750.159i(1) is structured, a
defendant acting alone cannot be both the person and the enter-
prise. To associate, a person must necessarily align or partner with
another person or entity, and to be employed requires that a
person have been engaged or hired by some other entity. Conse-
quently, the statute's requirement that the person be employed by
or associated with an enterprise, as well as the reference to sole
proprietorships in the definition of "enterprise," necessarily re-
quires at least two distinct entities to have been involved. The
enterprise must be either a separate and distinct individual or any
other legally distinct entity falling within the definition of "enter-
prise." Because the prosecution presented no evidence in this case
to show that defendant associated with or was employed by any
other physical or legal person or entity, there was insufficient
evidence to support his conviction.

2. Although defendant conceded that there was sufficient
evidence to convict him of first-degree retail fraud, MCL 750.356c,
it cannot be unequivocally stated that the jury's verdict included a
specific finding of every element necessary to support a conviction
of this cognate offense. As long as double jeopardy is not implicated
in the process, however, there is nothing to preclude the prosecutor
from charging defendant with a cognate offense.

Conviction and sentence vacated.

CRIMINAL LAW — RACKETEERING — INVOLVEMENT OF TWO DISTINCT ENTITIES.

MCL 750.159i(1) prohibits a person employed by or associated with an enterprise from knowingly conducting or participating in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity; to establish a violation of this provision, the prosecution must show that the defendant was employed by or associated with a separate and distinct individual or any other legally distinct entity falling within the definition of "enterprise" in MCL 750.159f(a); a defendant acting alone cannot be both the person and the enterprise.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

*Daniel J. Rust* for defendant.

Before: BECKERING, P.J., and OWENS and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. Defendant, Eric A. Kloosterman, appeals as of right his conviction by jury trial for conducting a criminal enterprise (racketeering), MCL 750.159i(1). We vacate defendant's conviction and sentence.

Defendant's conviction arose from a series of fraudulent returns at a Home Depot store. Dustin Vandermeer, an asset-protection specialist, was alerted to a suspected fraudulent return and subsequently began an investigation. Vandermeer's investigation involved suspicious returns connected to three separate pieces of identification,[1] and upon viewing surveillance videos corresponding to those returns, Vandermeer discovered that the same individual appeared to be responsible for all of them.

---

[1] To process a return without a receipt, Home Depot requires that the customer present a Michigan driver's license or a Michigan identification card.

On April 7, 2010, Sheila Allen, a returns cashier, alerted Vandermeer to yet another potentially fraudulent return. One week later, Vandermeer called the police, provided them with receipts from the suspected fraudulent transactions, and provided defendant's name as a possible suspect. Police found eight items for sale on craigslist associated with defendant's telephone number and instructions to interested buyers to call "Eric," who identified himself as a construction worker. Additionally, a number of the products for sale were Ryobi products, a brand sold exclusively at Home Depot, and many of them were described as new.

The police subsequently responded to the craigslist advertisement, set up a meeting, and arrested defendant upon his arrival at the arranged meeting place. A police search of defendant and his vehicle revealed the pieces of identification used for the fraudulent returns and a number of new and used Ryobi products.

At trial, both Vandermeer and Allen testified that defendant was the individual they saw on April 7, 2010, and Vandermeer identified defendant as the suspect he had seen in the surveillance videos. Copies of the receipts were also admitted into evidence, some of which were signed with defendant's name.

Defendant claims there was insufficient evidence to sustain his racketeering conviction under MCL 750.159i(1) because he was neither employed by nor associated with a criminal enterprise. Specifically, defendant asserts that the prosecution failed to present sufficient evidence of defendant's involvement in a criminal enterprise separate and distinct from himself. The prosecution argues, however, that the language of MCL 750.159i(1) does not make this distinction. Instead, because the definition of "enterprise" includes

"individual[s]," MCL 750.159f(a), defendant's pattern of activity supports his racketeering conviction.

Claims of insufficient evidence are reviewed de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). A court reviewing the sufficiency of the evidence must view the evidence in the light most favorable to the prosecution and determine whether the evidence was sufficient to allow any rational trier of fact to find guilt beyond a reasonable doubt. *People v Hunter*, 466 Mich 1, 6; 643 NW2d 218 (2002).

Questions of statutory interpretation are also reviewed de novo. *People v Osantowski*, 481 Mich 103, 107; 748 NW2d 799 (2008). When interpreting a statute, this Court's primary purpose is to give effect to the intent of the Legislature. *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999). If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed and further judicial construction is impermissible. *Id*. at 330. Words in a statute are given their plain and ordinary meaning, *id*., and in addition to considering the plain meaning of words, courts must consider the placement and purpose of those words in the context of the statutory scheme, *People v Gillis*, 474 Mich 105, 114; 712 NW2d 419 (2006).

However, if the statutory language is ambiguous, judicial construction is appropriate. *People v Feezel*, 486 Mich 184, 205; 783 NW2d 67 (2010). A statutory provision is ambiguous if it irreconcilably conflicts with another provision or is equally susceptible of more than one meaning. *People v Gardner*, 482 Mich 41, 50 n 12; 753 NW2d 78 (2008). "A statute that is unambiguous on its face may be rendered ambiguous by its interaction with, and its relation to, other statutes." *People v McLaughlin*, 258 Mich App 635, 673; 672 NW2d 860 (2003). In construing a statute, "[t]he court should presume that every word has some meaning and should

avoid any construction that would render a statute, or any part of it, surplusage or nugatory." *People v Nickerson*, 227 Mich App 434, 439; 575 NW2d 804 (1998).

Defendant was convicted under MCL 750.159i(1), which reads:

> A person employed by, or associated with, an enterprise shall not knowingly conduct or participate in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity.

The definition of "person" includes "individual[s]." MCL 750.159f(d). The definition of "enterprise" also includes "individual[s]." MCL 750.159f(a). But we must consider these words in the context of the provision as a whole. *Gillis*, 474 Mich at 114. To do this, we must define "associate" and "employ," and because the statute under which defendant was convicted does not define these terms, this Court may consult dictionary definitions to determine their plain meanings. *People v Peals*, 476 Mich 636, 641; 720 NW2d 196 (2006). The word "associate" means "to align or commit (oneself) as a companion, partner, or colleague," *Random House Webster's College Dictionary* (1997), def 2, and the word "employ" means "to engage the services of (a person or persons); hire," *id.*, def 1.

There is no dispute that, as an individual, defendant could meet the definitions of both a "person" and an "enterprise." But these definitions may not be applied in a vacuum. Because of the way in which MCL 750.159i(1) is structured, a defendant, acting alone, cannot be *both* the person *and* the enterprise. To associate, a person must necessarily align or partner with *another* person or entity. Indeed, the meaning of the word is not ordinarily interpreted as meaning that a person associates with himself or herself, and it would stretch the meaning of the word beyond reason to

conclude that the Legislature intended such an unusual usage. Similarly, to be employed requires that a person have been engaged or hired by some other entity; people do not generally find themselves in a situation calling for hiring themselves or engaging their own services.

Consequently, we conclude that the Legislature's inclusion of the requirement that the person be *employed by or associated with* an enterprise necessarily requires *at least two distinct entities* to have been involved to support a conviction under MCL 750.159i(1). The prosecution asserts that defendant could have been self-employed, but that assertion ignores the inclusion of both "individual" and "sole proprietorship" in the definition of "enterprise" in MCL 750.159f(a). We decline to twist the interpretation of the statute to render the inclusion of "sole proprietorship" surplusage.[2]

We conclude that, applying the plain and ordinary meaning of the words in MCL 750.159i(1), the statute requires the prosecution to show that the enterprise was either a separate and distinct individual or any other legally distinct entity falling within the definition of

---

[2] We recognize that there are two prior unpublished opinions from this Court that addressed this issue. Unpublished opinions are not binding authority, but they may be persuasive. MCR 7.215(C)(1); *People v Green*, 260 Mich App 710, 720 n 5; 680 NW2d 477 (2004). These opinions—*People v Polk*, unpublished opinion per curiam of the Court of Appeals, issued March 2, 2010 (Docket No. 286772), and *People v Boles*, unpublished opinion per curiam of the Court of Appeals, issued June 28, 2011 (Docket No. 296684)—arrived at conclusions seemingly contrary to each other. In *Polk*, a panel of this Court declined to adopt the defendant's argument that racketeering required the involvement of at least two individuals, chiefly because the defendant had offered no caselaw to support it. In contrast, in *Boles*, a later panel of this Court had an opportunity to conduct a thorough analysis, and it subsequently held that the employment or association requirements in the statute required at least two entities, whether physically or legally distinct. We find the analysis in *Boles* persuasive and agree with its conclusion.

"enterprise."[3] Because no evidence was presented in this case to show that defendant associated with or was employed by any other physical or legal person or entity, there was insufficient evidence to support his conviction for conducting a criminal enterprise under MCL 750.159i.[4]

Defendant's conviction and sentence are vacated. Despite defendant's concession that there is sufficient evidence to convict him of first-degree retail fraud, MCL 750.356c, we cannot state unequivocally that the jury's verdict included a specific finding of every element necessary to support a conviction of this cognate offense. See *People v Bearss*, 463 Mich 623, 632-633; 625 NW2d 10 (2001). As long as double jeopardy is not implicated in the process, see Const 1963, art 1, § 15; *People v Smith*, 478 Mich 292, 298-304; 733 NW2d 351 (2007), there is nothing to preclude the prosecutor from charging defendant with a cognate offense.

BECKERING, P.J., and OWENS, J., concurred with RONAYNE KRAUSE, J.

---

[3] " 'Enterprise' includes an individual, sole proprietorship, partnership, corporation, limited liability company, trust, union, association, governmental unit, or other legal entity or a group of persons associated in fact although not a legal entity." MCL 750.159f(a).

[4] The federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 USC 1961 *et seq.*, bears some similarity to the statute at bar. The phrase "any person employed by or associated with any enterprise" in 18 USC 1962(c), in which the definitions of "person" and "enterprise" both include "individual[s]," 18 USC 1961(3) and (4), has been held by the United States Supreme Court to plainly require "two distinct entities" because "[i]n ordinary English one speaks of employing, being employed by, or associating with others, not oneself." *Cedric Kushner Promotions, Ltd v King*, 533 US 158, 161; 121 S Ct 2087; 150 L Ed 2d 198 (2001). We agree with that reasoning with regard to the plain meaning of that particular usage of the English language, although we do not rely on it in light of our Supreme Court's disapproval of construing Michigan's racketeering statute on the basis of federal authorities' analyses of RICO. *People v Guerra*, 469 Mich 966 (2003); *People v Gonzalez*, 469 Mich 967 (2003).