# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BARRY BERNARD MILLER,

Defendant-Appellant.

UNPUBLISHED
May 10, 2016

No. 325764
Kent Circuit Court
LC No. 14-008185-FH

Before: RIORDAN, P.J., and SAAD and MARKEY, JJ.

PER CURIAM.

Defendant Barry Bernard Miller appeals by right his convictions of resisting and obstructing a police officer, MCL 750.81d, possession of burglar's tools, MCL 750.116, and breaking and entering a motor vehicle to steal less than $200, MCL 750.356a(2)(a). We affirm.

On August 21, 2014, Grand Rapids Police Officer Karl Holzhueter entered a parking garage where Grand Rapids police officers are provided parking spaces for their personal vehicles. Officer Holzhueter started parking his vehicle in a space next to Officer Paul Mesman's personal truck. As he pulled into a parking space, he observed defendant leaning into Officer Mesman's truck. Officer Holzhueter then observed defendant close Officer Mesman's truck door and walk around to the back of the truck. Officer Holzhueter, who was wearing plain clothes, approached defendant. He told defendant that he was a police officer and that he saw defendant in Officer Mesman's truck. He told defendant to wait for other officers to arrive. Defendant stated that he did not do anything, and he began to walk away from Officer Holzhueter.

As defendant started to walk away, Mirzet Alic from Grand Rapids Parking Service security arrived, and Officer Holzhueter, with defendant standing next to him, told Alic that he was a Grand Rapids Police Officer and showed Alic his badge. Around the time Alic entered the parking garage, Officer James Meeker arrived in the parking garage to park his personal vehicle. Officer Meeker was also dressed in plain clothes. Officer Meeker walked up to Officer Holzhueter and Alic, and identified himself as "GRPD" to Alic. Officer Holzhueter verbally identified himself and Officer Meeker as police officers to defendant and ordered defendant to stop walking away.

Defendant who was walking backwards facing the officers and Alic, stated that he had a gun and that he was going to shoot them all. Officer Meeker, who did not have a weapon, and

-1-

Officer Holzhueter grabbed defendant. The officers immobilized defendant on his back until other officers arrived. While the officers were on top of defendant, they continued to tell him they were police officers, but defendant struggled with them. In the middle of this struggle, Officer Meeker showed defendant his badge. Eventually, fully uniformed Grand Rapids Officer Charles Ware arrived to the scene in a fully-marked police cruiser. He ordered defendant to roll onto his stomach and put his hands behind his back. Defendant did not comply. The three officers eventually were able to handcuff defendant, but he fought them while they did so.

Defendant contends on appeal that there was insufficient evidence that defendant knew or should have known Officer Holzhueter and Officer Meeker were police officers. We disagree. This Court reviews sufficiency of the evidence claims de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). "A court reviewing the sufficiency of the evidence must view the evidence in the light most favorable to the prosecution and determine whether the evidence was sufficient to allow any rational trier of fact to find guilt beyond a reasonable doubt." *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012). When conducting this review, we must not interfere with the jury's role as the factfinder and must resolve any conflicts in the evidence in favor of the prosecution. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). MCL 750.81d(1) provides:

> [An] individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or *has reason to know* is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both. [Emphasis added.]

The knowledge element "requires the fact-finder . . . to determine whether the facts and circumstances of the case indicate that when resisting, [the] defendant had 'reasonable cause to believe' the person he was assaulting [or obstructing] was performing his or her duties." *People v Nichols*, 262 Mich App 408, 414; 686 NW2d 502 (2004).

In this case, defendant argues that there was not sufficient evidence to prove that he knew Officer Holzhueter and Officer Meeker were police officers because they were wearing plain clothes and did not show him a badge. Defendant ignores Officer Ware's involvement. Evidence was presented that while they were not wearing their police uniforms, Officer Holzhueter and Officer Meeker verbally identified themselves as police officers to defendant and told defendant to wait for other officers to arrive. Defendant was next to Officer Holzhueter when he showed Alic his badge and verbally identified himself as a police officer. Three different witnesses testified that Officer Meeker and Officer Holzhueter verbally identified themselves as police officers before defendant threatened to shoot them. During the time defendant and the officers were struggling on the ground, the officers repeatedly indicated that they were police officers. Testimony supported that while the struggle was happening, Officer Meeker showed defendant his badge, but even after defendant saw the badge, he continued to struggle. Furthermore, Officer Ware was readily identifiable as a police officer because he arrived in a fully marked police cruiser wearing his full police uniform. Viewing this evidence in a light most favorable to the prosecution, *Kloosterman*, 296 Mich App at 639, we conclude there was sufficient evidence for the jury to determine that while resisting or obstructing the officers, defendant had reasonable cause to believe the persons he was assaulting or obstructing

were officers performing their duties. *Nichols*, 262 Mich App at 414. Therefore there was sufficient evidence to justify the jury's finding beyond a reasonable doubt that defendant knew or had reason to know that Holzhueter, Meeker, and Ware were police officers. *Wolfe*, 440 Mich at 514-515.

On appeal, defendant also raises numerous issues in propria persona. None of these issues was raised in defendant's statement of the questions presented section of his brief. Issues not raised in the statement of questions presented are not properly preserved for appellate review. *People v Unger (On Remand)*, 278 Mich App 210, 262; 749 NW2d 272 (2008). Moreover, all of defendant's issues are abandoned by defendant's failure to adequately brief them. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."). This Court, however, considered all of defendant's additional arguments and concludes they are meritless.

We affirm.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Jane E. Markey