COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 30, 2016

Plaintiff-Appellee,

v

No. 327349
Oakland Circuit Court
LC No. 2014-252386-FC

ANDRE LEE HEARD,

Defendant-Appellant.

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Defendant, Andre Lee Heard, appeals as of right his convictions of armed robbery, MCL 750.529, and stealing or retaining another's financial transaction device without consent, MCL 750.157n(1). We affirm defendant's convictions, but remand for further proceedings consistent with this opinion.

## I. BASIC FACTS

The 90-year-old victim, Jan Wampuszyc, hired defendant to perform yard work. On one occasion when defendant was performing yardwork, defendant entered the victim's home while the victim was at his kitchen table opening mail with a letter opener. Defendant requested to use the victim's bathroom, and the victim granted defendant's request. The victim continued to open his mail while seated at the table. Defendant exited the bathroom and threw a hand towel over the victim's head. Defendant grabbed the victim's neck with his left hand and hit the victim's head with something hard. The victim testified that he assumed defendant was using the letter opener, but he could not see what he was being struck with because the towel obstructed his view. After hitting the victim, defendant held the letter opener to the victim's chest over his heart. Defendant told the victim to give him money or else he would "put it in [the victim's] heart or stomach." The victim could see the letter opener in defendant's hand from underneath the towel. The victim grabbed defendant's hand and turned it, causing defendant to fall into the kitchen table. As defendant fell, the victim also fell to the floor. Defendant then kicked the victim in the side and took his wallet and cellular telephone. The victim informed defendant that he pushed an emergency button that he wore around his neck, and defendant left. The victim then called 911. The victim informed police that defendant struck him in the head with the letter opener. Later at the hospital, according to his treating emergency room physician, the victim did

-1-

not mention the use of a letter opener. After leaving the victim's home, defendant used the victim's bank cards to purchase gasoline at two local gas stations.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first challenges the sufficiency of the evidence supporting his armed robbery conviction. This Court reviews sufficiency of the evidence claims de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). "[A] reviewing court 'must consider not whether there was any evidence to support the conviction but whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt.' " *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992), quoting *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979). The Court "must view the evidence in the light most favorable to the prosecution . . . ." *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012). We defer to a jury's determination regarding witness credibility. *People v Lee*, 243 Mich App 163, 167; 622 NW2d 71 (2000). Additionally, any factual conflicts are to be resolved in favor of the prosecution. *Wolfe*, 440 Mich at 515.

The elements of armed robbery are:

(1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007); See also MCL 750.529]

Defendant only challenges the sufficiency of the evidence supporting the second element. He makes two arguments: first, that a letter opener is not a dangerous weapon, and, second, that there was insufficient evidence to establish that he possessed a dangerous weapon. We disagree.

The test for whether a normally harmless article is a dangerous weapon is whether the instrument was used as a weapon and whether the instrument when used as a weapon is dangerous. *People v Lange,* 251 Mich App 247, 256; 650 NW2d 691 (2002). In this case, there was evidence presented that the letter opener was a nine-inch, bladed instrument with a handle. While a letter opener is harmless in itself, when it was being held to the victim's chest accompanied by verbal threats to stab the victim with it, it was being used as a weapon. Further, it was reasonable for the jury to conclude that "putting" a nine-inch long instrument into someone's chest or stomach would be dangerous. Therefore, sufficient evidence was presented to establish that the letter opener was "used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon." *Chambers*, 277 Mich App at 7.

With respect to whether defendant possessed a dangerous weapon, the victim testified that he felt defendant hitting him with something hard, and he surmised that it was the letter opener. After being hit in the head, the victim observed the letter opener in defendant's hand,

held close to the victim's chest as defendant threatened him with it. The victim told a responding officer that defendant struck him with the letter opener. The jury could reasonably infer that defendant would have to possess the letter opener in order to hit the victim with it. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993). Moreover, the victim's testimony that he observed defendant holding the letter opener in his hand while he threatened to put it in the victim's heart or stomach if the victim did not give him money is sufficient evidence to establish possession during the offense. The armed robbery statute proscribes possession of a weapon or other article "in the course of engaging in" a larceny from a person, and references MCL 750.530. MCL 750.530(2) defines "in the course of committing a larceny" to "include[] acts that occur in an attempt to commit the larceny, or during the commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." Thus, there was sufficient evidence to support the jury's finding beyond a reasonable doubt that defendant possessed a dangerous weapon in the course of committing the larceny. *Wolfe*, 440 Mich at 513-514.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant asserts that he was denied the effective assistance of counsel by defense counsel's failure to request the lesser included unarmed robbery jury instruction. We review defendant's unpreserved ineffective assistance of counsel claim for mistakes apparent on the record. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). To establish ineffective assistance of counsel defendant must show that:

> (1) counsel's performance fell below an objective standard of reasonableness and
> (2) but for counsel's deficient performance, there is a reasonable probability that
> the outcome would have been different. [*People v Trakhtenberg*, 493 Mich 38,
> 51; 826 NW2d 136 (2012).]

This Court may examine the prejudice suffered by the defendant as a result of the alleged deficiencies without determining whether counsel's performance was deficient, when, in cases such as this one, " 'it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice.' " *People v Reed*, 449 Mich 375, 400-401; 535 NW2d 496 (1995), quoting, *Strickland v Washington*, 466 US 668, 697; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

In this case, defendant cannot show that "there is a reasonable probability that the outcome would have been different," *Trakhtenberg*, 493 Mich at 51, because the jury instruction for unarmed robbery was in fact given. While both parties agree that the instruction was not given, the record reveals that the trial court gave the unarmed robbery instruction as follows:

> The Defendant is charged in Count 1 with the crime of armed robbery. You may
> also consider the lesser charge of unarmed robbery. To prove this charge, the
> prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> First, the Defendant used force or violence and/or assaulted, and/or put Jan
> Wampuszyc in fear.

-3-

Second, the Defendant did so while he was in the course of committing a larceny. A larceny is the taking and movement of someone else's property or money with the intent to take it away from the person permanently. In the course of committing a larceny includes acts that occur in an attempt to commit the larceny or during the commission of the larceny, or in flight after the commission of the larceny, or an attempt to retain possession of the property or money.

Third—excuse me. Third, Jan Wampuszyc was present while Defendant was in the course of committing the larceny.

Additionally, the jury was given many other instructions regarding how it was to consider the less serious offense.

If you believe that the Defendant is not guilty of the armed robbery charge or if you cannot agree about that crime, you should consider the less serious crime of unarmed robbery. You decide how long to spend on the armed robbery charge before discussing unarmed robbery. You can go back to the armed robbery charge after discussing unarmed robbery if you want to.

*  *  *

. . .You must consider each crime separately in light of all the evidence in the case. You may find the Defendant guilty of all or any one of these crimes, guilty of a less serious crime, or not guilty.

And I've prepared a verdict form listing the possible verdicts in this matter. And as it relates to Count 1, armed robbery, you may find the Defendant not guilty, guilty, or guilty of the less serious crime unrobbery—unarmed robbery.

Moreover, the jury verdict form even had unarmed robbery as an option for the jury to select. Regardless of whether the unarmed robbery instruction was requested by defense counsel, it was given, and the jury still chose to convict defendant of the higher charge of armed robbery. Thus, defendant cannot establish the prejudice necessary for his ineffective assistance of counsel claim. *Reed*, 449 Mich at 400-401.

## IV. OFFENSE VARIABLE 1

Defendant next argues that offense variable (OV) 1, was improperly scored at 25 points. We disagree. We review a trial court's factual determination under the sentencing guidelines for clear error, and its determination "must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). OV 1 can be scored at 25 points when "[a] firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon." MCL 777.31(1)(a).

The trial court found that the letter opener was a cutting weapon and that the victim was cut. Defendant asserts that the victim was not cut with a stabbing instrument because the letter opener was not a dangerous weapon. We disagree with defendant. The word "weapon" in MCL 777.31 includes an instrumentality that is not inherently a dangerous weapon, but, when it is

employed in an assault, the instrumentality is dangerous. *Lange*, 251 Mich App at 256. As noted above, a letter opener is a dangerous weapon when used in the way defendant used it. Moreover, the purpose of a letter opener is to cut paper and can certainly be used as a cutting or stabbing instrument. Moreover, the evidence supported the trial court's finding that the victim was cut with the letter opener. The victim grabbed defendant's hand that was holding the letter opener to try and disarm defendant, and the victim testified that he was struck with the letter opener on his head. In the course of the altercation, the victim was cut on his head, ear, and hands. The victim testified that he had no cuts on his hand or ear before the attack. Given this evidence, there was evidence to support the scoring decision. *Hardy*, 494 Mich at 438. Because there was sufficient evidence supporting the trial court's finding that the victim was cut with a cutting or stabbing instrument, the trial court did not clearly err in scoring OV 1 at 25 points. *Id.*

## V.  IMPACT OF LOCKRIDGE

Finally, defendant asserts that he is entitled to resentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). We disagree that he is entitled to resentencing, but as the prosecution concedes, we deem it appropriate to remand the case. In *Lockridge*, our Supreme Court held that Michigan's sentencing scheme violated the Sixth Amendment right to a jury trial because it required "judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase[d] the floor of the guidelines minimum sentence range, i.e. the 'mandatory minimum' sentence under *Alleyne* [*v United States*, 570 US __; 133 S Ct 2151; 186 L Ed 2d 314 (2013).]" *Lockridge*, 498 Mich at 364. To remedy the constitutional violation, the Court held that a guidelines minimum sentence range calculated in violation *Alleyne* is advisory only. *Id.* at 365. In this instance, we agree with defendant that the facts to which he admitted and those necessarily found by the jury were insufficient to assess the minimum number of OV points necessary for his score to fall in the cell of the sentencing grid under which he was sentenced. Specifically, the scoring of OVs 3, 4, and 10 involved judicial-fact finding that increased defendant's minimum-sentence guidelines range. As such, defendant has made the threshold showing of plain error, and we remand to the trial court to determine whether it "would have imposed a materially different sentence" in light of the advisory nature of the guidelines. *Id.*, at 397. On remand, we instruct the trial court to follow the *Crosby*[1] procedure outlined in *Lockridge,* 498 Mich at 398.

We affirm defendant's convictions, but we remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

---

[1] *United States v Crosby*, 397 F 3d 103, 117-118 (CA 2, 2005).