# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEITH RANDOLPH LEWIS,

Defendant-Appellant.

UNPUBLISHED
July 24, 2018

No. 337843
Wayne Circuit Court
LC No. 14-007201-01-FC

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

On appeal after remand, defendant appeals as of right the order denying resentencing. Following a jury trial, defendant was convicted of assault with intent to commit murder (AWIM), MCL 750.83, and was sentenced to 15 to 30 years' imprisonment. Previously, this Court affirmed defendant's conviction, but remanded to "the trial court to either articulate a factual basis underlying its assessment of 50 points under offense variable (OV) 6, or, if sufficient facts did not exist to support a finding of premeditation, to lower defendant's OV 6 score to 25 points and resentence defendant." See *People v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued November 1, 2016 (Docket No. 326934), p 1. Defendant again challenges the scoring of OV 6 on appeal. We affirm.

Previously, this Court articulated the facts in this matter as follows:

> This case arises out of an altercation that occurred between defendant and the victim, William Norman III, which resulted in defendant striking the victim in the head multiple times with a hammer. On July 26, 2014, defendant and the victim, who had been friends for many years, were drinking alcohol together. In the early morning hours of July 27, 2014, defendant drove with the victim, who was intoxicated and high on marijuana, to the parking lot of a restaurant where the men got into an argument. Defendant and the victim exited the vehicle and continued arguing in the parking lot. A bystander took a video of the altercation. In the video, defendant can be seen holding a hammer while the victim stands facing him. The victim can be heard swearing at defendant. Defendant then swings the hammer at the victim's head, making contact at least nine times. The last three blows occurred while the victim was lying motionless on the ground. [*Lewis*, unpub op at 1.]

-1-

On remand, in compliance with this Court's directive, the trial court articulated the following factual basis for scoring OV 6 at 50 points:

> Actual physical contact was initiated by the defendant, who had armed himself with a dangerous weapon, with [sic] this flat head hammer. There has been no action on the part of the, the [sic] victim which posed a threat to the defendant, and it was the defendant who initiated the, the [sic] contact using this weapon. And the defendant struck, intentionally struck the victim at least a total of nine times, from the video. The court does recall this matter, which it sat and presided over.
>
> It was the defendant that exploited the victim's situation of being intoxicated. The determination of premeditation and deliberation may be inferred from any actions of the defendant which show planning or from any other circumstances surrounding the killing.
>
> The defendant as I mentioned earlier, had armed himself. The victim was unarmed. The physical part of this so called fight if you can call it a fight, where you have an unarmed man whose, has [sic] a diminished capacity because he had been drinking. There was no provocation which posed any threat to, to the defendant, other than the defendant, I mean the victim challenging the defendant to a fight. These are mere words. Mere words do not constitute any threat.
>
> The defendant then strikes the victim in the head three, at least six times before he falls to the ground. The victim fell to the ground. There was enough time for the defendant to have reflected on what he had done while the victim was lying motionless on the ground. Af--. Instead of ceasing his actions, the defendant continued to strike the defendant [sic]. There was sufficient time for the defendant to, to stop what he was doing because the victim was no longer moving, posed no threat at all. But the defendant continued to strike the victim at least three more times. Not only that, the defendant then kicked the victim's body and then he removed something from the victim's pocket.
>
> I do find that there was sufficient time for the defendant to have reflected on his actions, but he continue [sic] to strike the victim while the victim was motionless, unconscious, and posed no threat. From that I infer that there—Well, inferences can be made by what the defendant did, what he, [sic] what he did, how he did it, and any other facts and evidence. And there was evidence that he continued to use this dangerous weapon, so that making an inference there was premeditation and the defendant did have time to, to cease his actions in striking the victim.
>
> So I do find these facts sufficient to support premeditation.

Accordingly, the trial court continued to score OV 6 at 50 points and denied resentencing. This appeal followed.

We review the trial court's factual determinations regarding scoring of the sentencing guidelines for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Further, the trial court's findings must be supported by a preponderance of the evidence. *Id.* "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008) (citation omitted).

On appeal after remand, defendant argues OV 6 should have been scored at 25 points, not 50 points, because premeditation has not been established by a preponderance of the evidence. We disagree.

MCL 777.36, the statute governing the scoring of OV 6, provides that a score of 50 points should be assessed when:

> [t]he offender had premeditated intent to kill or the killing was committed while committing or attempting to commit arson, criminal sexual conduct in the first or third degree, child abuse in the first degree, a major controlled substance offense, robbery, breaking and entering a dwelling, home invasion in the first or second degree, larceny of any kind, extortion, or kidnapping or the killing was the murder of a peace officer or a corrections officer. [MCL 777.36(1)(a).]

Conversely, only 25 points should be assessed where:

> [t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result. [MCL 777.36(1)(b).]

"Premeditation, which requires sufficient time to permit the defendant to take a second look, may be inferred from the circumstances surrounding the killing." *People v Coy*, 243 Mich App 283, 315; 620 NW2d 888 (2000). "To premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *People v Oros*, ___ Mich ___, ___; ___ NW2d ___ (Docket No. 156241); slip op at 8, quoting *People v Plummer*, 229 Mich App 293, 300; 581 NW2d 753 (1998) (citation and quotation marks omitted).

> Premeditation may be established by an interval of time between the initial homicidal thought and ultimate action, which would allow a reasonable person time to subject the nature of his or her action to a 'second look.' That is, some time span between the initial homicidal intent and ultimate action is necessary to establish premeditation and deliberation, but it is within the province of the fact-finder to determine whether there is sufficient time for a reasonable person to subject his or her action to a second look. While the minimum time necessary to exercise this process is incapable of exact determination, it is often said that premeditation and deliberation require only a "brief moment of thought" or a "matter of seconds." By the weight of authority the deliberation essential to establish murder in the first degree need not have existed for any particular length of time before the killing. The time within which a wicked purpose is formed is immaterial, provided it is formed without disturbing excitement. The question of

deliberation, when all the circumstances appear, is one of plain common sense[.] [*Oros*, ___ Mich at ___; slip op at 9-11 (citations, quotation marks, and brackets omitted.)][1]

In finding premeditation for the purposes of scoring OV 6, the trial court may consider, "(1) the previous relationship between the defendant and the victim; (2) the defendant's actions before and after the crime; and (3) the circumstances of the killing itself, including the weapon used and the location of the wounds inflicted." *People v Steanhouse*, 313 Mich App 1, 40-41; 880 NW2d 297 (2015), aff'd in part, rev'd in part on other grounds 500 Mich 453 (2017), quoting *Plummer*, 229 Mich App at 300. Premeditation "may be inferred from all the facts and circumstances, but the inferences must have support in the record and cannot be arrived at by mere speculation." *Steanhouse*, 313 Mich App at 41, quoting *Plummer*, 229 Mich App at 301. Additionally, a trier of fact "must view the evidence in the light most favorable to the prosecution." *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012) (citation omitted).

We conclude that on remand, the trial court did articulate a sufficient factual basis to support scoring OV 6 at 50 points. Moreover, the trial court's findings are supported by a preponderance of the record evidence. Defendant and the victim had a longstanding prior relationship. Before the altercation began, defendant armed himself with a flat head hammer from the truck he and the victim were riding in and attempted to conceal that weapon behind his back. Although the victim verbally initiated the argument, the victim was intoxicated and high on marijuana, which diminished his capacity. Moreover, the victim was unarmed.

Defendant was the party who initiated the physical attack, striking the victim multiple times in the head with the flat head hammer. After receiving multiple blows to the head, the victim fell to the ground. However, defendant continued to attack, striking the victim in the head three additional times as he lay on the ground motionless, unconscious, and posing no threat. We further note that after concluding his attack on the victim, defendant kicked the victim's body and then took something from the victim's pocket.

Based on the foregoing, the trial court's finding that defendant had a premeditated intent to kill was not clearly erroneous, and moreover was supported by a preponderance of the record evidence. *Steanhouse*, 313 Mich App at 41, citing *Hardy*, 494 Mich at 438. The circumstances discussed above support an inference that defendant planned the attack on the victim before it occurred, and therefore had "sufficient time to . . . take a second look," before the attack. *Coy*, 243 Mich App at 315. Accordingly, a score of 50 points for OV 6 was appropriate. MCL 777.36(1).

---

[1] We acknowledge that our Supreme Court in *Oros* faced a slightly different issue, being whether there was sufficient evidence to support the defendant's jury conviction of first-degree premeditated murder, MCL 750.316(1)(a). See *Oros*, ___ Mich at ___; slip op at 1. Regardless, we find our Supreme Court's discussion on what constitutes premeditation to be applicable to the scoring of OV 6.

We conclude that the trial court properly articulated a factual basis to support its finding of premeditation in order to score OV 6 at 50 points, and resentencing was unwarranted.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell