*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RAYMOND DOCKERY, JR.,

      Defendant-Appellant.

UNPUBLISHED
March 16, 2026
9:17 AM

No. 371634
Wayne Circuit Court
LC No. 22-007354-02-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RASHARD MONTIERRE DOCKERY,

      Defendant-Appellant.

No. 371813
Wayne Circuit Court
LC No. 22-007354-01-FH

---

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Defendants, Raymond Dockery, Jr., and Rashard Montierre Dockery, appeal as of right their bench-trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84(1)(a).[1] Rashard was sentenced to 120 days in Wayne County Jail and 3 years' probation, and Raymond was sentenced to 2 years' probation. We affirm.

---

[1] This Court consolidated these appeals to advance the efficient administration of the appellate process. *People v Dockery*, unpublished order of the Court of Appeals, entered July 31, 2024 (Docket Nos. 371634 and 371813).

## I. BACKGROUND

On June 14, 2021, a fight broke out between defendants and two of their neighbors, Gregory Sobieraj and John Briggs. The two households had a several-years-long history of issues that included the making of threats and other forms of harassment. The fight which is the subject of the instant case began when Raymond accosted Sobieraj while Sobieraj was leaving his home. After several minutes of a heated exchange, Rashard crossed the street and punched Sobieraj in the face. Several other members of the Dockery family then crossed the street and began fighting Briggs and Sobieraj. Sobieraj testified that he was punched repeatedly by Rashard and another male, and that he was forced to the ground where he was repeatedly kicked in the head by Raymond, Rashard, and Raymond's other son. The fight concluded when another neighbor came outside. Briggs called an ambulance, and the injured Sobieraj was taken to the hospital. There, Sobieraj was diagnosed with a concussion, trauma, contusions, and a shoulder injury.

The events leading up to this fight were captured on doorbell videos, but the assault itself took place outside of the camera's frame. Those videos were presented as evidence at defendants' trial and have been provided to this Court on appeal.

Following a bench trial, defendants were each convicted of AWIGBH and sentenced as noted earlier. These appeals followed.

## II. DOCKET NO. 371634—RAYMOND

Raymond argues on appeal that the prosecution presented insufficient evidence to sustain Raymond's conviction of AWIGBH. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Kloostermann*, 296 Mich App 636, 639; 823 NW2d 134 (2012). In an appeal challenging the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution to determine whether, on the basis of the evidence presented, the finder of fact could find beyond a reasonable doubt that the prosecution proved the essential elements of the defendant's crime. *People v Jarell*, 344 Mich App 464, 480; 1 NW3d 359 (2022). Viewing the evidence in the light most favorable to the prosecution includes drawing all reasonable inferences and making all credibility determinations in support of the jury's verdict. *People v Gonzalez*, 468 Mich 636, 640-641; 664 NW2d 159 (2003).

"The elements of assault with intent to do great bodily harm less than murder are: 1) an attempt or threat with force or violence to do corporal harm to another (an assault), and 2) an intent to do great bodily harm less than murder." *People v Brown*, 267 Mich App 141, 148; 703 NW2d 230 (2005) (quotation marks and citation omitted; emphasis omitted). AWIGBH is a specific intent crime. *Id*. at 146. Intent to do great bodily harm has been defined as "an intent to do serious injury of an aggravated nature." *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016) (quotation marks and citation omitted). This intent may be inferred from circumstantial evidence, *People v Kenny*, 332 Mich App 394, 403; 956 NW2d 562 (2020), including the "defendant's actions" such as "the making of threats," and from the injuries suffered by the victim, *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014).

When viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in favor of the verdict, the evidence presented in this case was easily sufficient to sustain Raymond's AWIGBH conviction. Raymond obviously assaulted Sobieraj when Raymond kicked Sobieraj in the head. As for Raymond's intent, the trial court found that Raymond kicked Sobieraj "repeatedly," and Sobieraj testified that the kicks were forcible and that he suffered various injuries as a result of the kicks, including a concussion. This evidence, when viewed in the light most favorable to the prosecution, is plainly sufficient to support finding beyond a reasonable doubt that Raymond intended to do great bodily harm when he assaulted Sobieraj.

Raymond contends that the evidence presented at trial established that he only kicked Sobieraj once, and that Sobieraj's injuries alone do not establish that Raymond intended to cause great bodily harm. Accepting for the sake of argument that Raymond only kicked Sobieraj once, a single forcible kick to Sobieraj's head would have been enough to infer beyond a reasonable doubt that Raymond intended to cause great bodily harm to Sobieraj. That is especially true when considered alongside the fact that this assault was not the first hostile interaction between Raymond and Sobieraj. Raymond previously threatened Sobieraj on at least two occasions, including one instance in which Briggs filed a police report because Raymond made a death threat against Briggs and Sobieraj. That is significant because the catalyst for this incident was Raymond yelling to Sobieraj, "I told you what I would to do to you if you called the police on me again." As this Court has explained, a defendant's "making of threats" is relevant circumstantial evidence that can be used to infer an intent to commit great bodily harm. *Stevens*, 306 Mich at 629. So, making all inferences in favor of the verdict, defendant's history of tense interactions with Sobieraj—including one instance in which Raymond made a death threat towards Sobieraj—coupled with Raymond's conduct of forcibly kicking Sobieraj in the head causing serious injury was sufficient evidence from which a rational factfinder could find beyond a reasonable doubt that Raymond intended to cause great bodily harm less than murder to Sobieraj when defendant assaulted him.

## III. DOCKET NO. 371813—RASHARD

Rashard argues that the trial court's findings of fact and conclusions of law were insufficient to find Rashard guilty of AWIGBH. We disagree.

MCR 2.517(A)(1) provides that "[i]n actions tried on the facts without a jury or with an advisory jury, the court shall find the facts specifically, state separately its conclusions of law, and direct entry of the appropriate judgment." MCR 2.517(A)(1). A court does not need to lay out how its specific factual findings satisfy each element of the crime so long as those findings are sufficiently articulated, and the court correctly applies the law. See *People v Parkinson*, 348 Mich App 565, 574; 19 NW3d 174 (2023).

The trial court here found that both defendants kicked Sobieraj in the head and stated, "Now what was their intent? Well, I don't know how you can kick somebody in the head repeatedly and cause injuries that require an ambulance to transport them to a hospital." The court then found that Sobieraj was concussed as a result of the assault, "which can be serious and have lingering effects." After rejecting defendants' version of the events as incredible and inconsistent with the video evidence, the court explained that the videos showed "all the Dockerys mobbing the victims' home and the victims themselves[,] doing a beat-down in [the victims'] driveway, and

then running back across the street." In concluding, the court credited the testimonies of Sobieraj and Briggs, and it accordingly found "both defendants guilty of assault with intent to do great bodily harm."

Rashard concedes that the court found that he was "the source of assaults," but he contends that the court's findings were not sufficient to establish that Rashard intended to cause great bodily harm to Sobieraj because the trial court did "not single out Rashard Dockery as being the source of any injury." While true, the trial court found that Rashard's conduct of forcibly kicking Sobieraj in the head showed that Rashard intended to cause Sobieraj great bodily harm. That was a specific factual finding as required by MCR 2.517(A)(1), and the court correctly applied the law to that fact because, as explained, a factfinder can infer a defendant's intent from the defendant's actions. See *Stevens*, 306 Mich App at 629. We accordingly reject Rashard's contention that the trial court's findings of fact and conclusions of law were insufficient to find Rashard guilty of AWIGBH.[2]

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young

---

[2] Rashard complains that, at one point in its findings, the trial court "lump[ed] everyone together," including nonindicted parties. He posits that, by doing this instead of making separate findings about who caused what injuries, the court essentially convicted Rashard on the basis of acts committed by Raymond and others, despite the prosecution not pursuing an aiding and abetting theory. This argument ignores that the trial court specifically acknowledged that "defendants could be easily charged with aiding and abetting crimes that others in the group committed," but they were "not charged that way." We infer from this acknowledgment that the trial court was aware of the law on aiding and abetting but did not rely on it to convict Rashard. This conclusion is further buttressed by the fact that the trial court granted a directed verdict on an assault-and-battery charge involving Briggs because Briggs was unable to confidently identify who, specifically, battered him.

-4-