*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 10, 2026
3:24 PM

Plaintiff-Appellee,

V

No. 372870
Wayne Circuit Court
LC No. 23-003471-01-FC

WINSTON KIRTLEY, JR.,

Defendant-Appellant.

Before:  RICK, P.J., and YATES and MARIANI, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree premeditated murder, MCL 750.316(1); six counts of assault with the intent to commit murder (AWIM), MCL 750.83; one count of intentional discharge of a firearm at a dwelling or occupied structure, MCL 750.234b(3); and nine counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1).  Defendant was sentenced to concurrent terms of life imprisonment for the two first-degree murder convictions, 225 to 450 months' imprisonment for each of the six AWIM convictions, and 86 to 165 months' imprisonment for the intentional discharge of a firearm at a dwelling or occupied structure conviction.  He was also sentenced to two years' imprisonment for each of the nine felony-firearm convictions, to be served concurrently with each other, but consecutive to his other sentences.  We affirm.

## I.  FACTUAL BACKGROUND

Early in the morning of July 31, 2022, defendant discovered Andre Willis and Tokaye Thirkield parked outside of his home, blocking his driveway.  A group of individuals had gathered for a party at a home across the street.  Willis and Thirkield were guests.  Defendant repeatedly asked Willis to move the vehicle.  In response, defendant claimed that Willis pulled out a handgun and aimed it at him.  Defendant went in his house and retrieved a rifle.  Defendant returned to the driveway and began shooting at Willis's vehicle, wounding both Willis and Thirkield.  Neither of the vehicle's occupants returned fire.  At some point, Willis and Thirkield drove away.  Their

-1-

vehicle struck a building several miles away, and both Willis and Thirkield died from their injuries. According to medical examiners, both died from multiple gunshot wounds.

A second altercation began between defendant and other individuals at the home across the street. Defendant and one of the partygoers, Daniel Stubbs, began shooting at each other. Defendant climbed onto his roof and shot Stubbs and three other party attendees, as well as a neighbor who had attempted to aid the injured. Police arrived later that morning and arrested defendant. Officers canvassed the scene and recovered several firearms, bullets, and bullet casings.

Following a five-day trial, defendant was convicted and sentenced as described above. This appeal followed.

## II. ANALYSIS

Defendant argues that the evidence presented to the jury was insufficient to convict him of first-degree murder and AWIM. He additionally contends that the evidence was insufficient to prove that his actions were not justified by lawful self-defense. We disagree.

We review challenges to the sufficiency of evidence presented at trial de novo. *People v Kloostermann*, 296 Mich App 636, 639; 823 NW2d 134 (2012). "In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020). All evidentiary conflicts must be resolved in the prosecution's favor. *People v Savage*, 327 Mich App 604, 614-615; 935 NW2d 69 (2019).

## A. PREMEDITATION AND DELIBERATION

First-degree murder is defined as (1) the intentional killing of a person (2) with premeditation and deliberation. *People v Bass*, 317 Mich App 241, 265-266; 893 NW2d 140 (2016). Defendant admitted at trial that he intentionally discharged his firearm at Willis's vehicle. He admitted that he knew the vehicle was occupied by Willis and Thirkield, illustrating his intent to shoot them both. The logical result of firing a rifle at a vehicle containing two individuals, repeatedly and without warning, is that those individuals would be seriously injured or killed. The first element was thereby satisfied.

Defendant contends he had insufficient time to effectively premeditate and deliberate the crime. Premeditation occurs when a crime is thought out beforehand. *People v Oros*, 502 Mich 229, 236; 917 NW2d 559 (2018). Deliberation is defined as weighing the pros and cons of an action before acting. *Id*. To satisfy the standard for a first-degree murder conviction, both premeditation and deliberation require "real and substantial reflection for long enough to give a reasonable person a chance to think twice about the intent to kill." *Id*. Our Supreme Court has held that while premeditation and deliberation require some time, it need not be for long and can occur within a matter of seconds. *Id*. at 242-243. The critical question is whether a defendant had reasonable time to take a "second look" at his actions, measured as the time period necessary between the initial homicidal thought and the ultimate homicide, to sufficiently subject his or her proposed action to a "second look" before taking action. *Id*.

Upon withdrawing to his home to retrieve his rifle, defendant had sufficient time to think about his actions. Even accepting defendant's own version of the events, he still spent about 15 to 20 seconds retrieving the weapon before he re-emerged outside of his house, where he then raised the loaded weapon and fired multiple rounds, shooting Willis and Thirkield. Applying the standard from *Oros*, this is more than enough time to have taken a second look at his planned actions and weighed the pros and cons of proceeding. *Id*. Thus, the evidence was sufficient to allow a jury to conclude beyond a reasonable doubt that defendant was guilty of first-degree premeditated murder.

## B. CAUSATION

Defendant posits that there was insufficient evidence presented at trial to convict him of first-degree premeditated murder or AWIM because the prosecution did not prove defendant caused the victims' injuries. According to defendant, the evidentiary record at trial on the issue of causation was too limited to prove beyond a reasonable doubt that defendant's "weapon issued the shots that actually made impact and caused death or injury to anybody." We disagree. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence on this point to convict defendant on both the first-degree premeditated murder and the AWIM charges.

First, regarding defendant's first-degree premeditated murder convictions, defendant admitted at trial that he fired at the vehicle which he knew to be occupied by Willis and Thirkield, and evidence at trial demonstrated that he fired multiple times. The prosecution also established that Willis's and Thirkield's manner and causes of death were homicide by multiple gunshot wounds. Defendant maintains that the bullets that killed Willis and Thirkield could have come from someone other than him. However, he ignores that we must view the evidence in light most favorable to the prosecution and likewise resolve any evidentiary conflicts in favor of the prosecution. *Kenny*, 332 Mich App at 402-403; *Savage*, 327 Mich App at 614-615. Applying these standards, the prosecution presented sufficient evidence at trial for the jury to reasonably conclude beyond a reasonable doubt that defendant shot and killed Willis and Thirkield.

Next, the evidence at trial was sufficient to establish that defendant was guilty of AWIM in relation to the injuries sustained by six partygoers who were caught in the shootout. The elements of a charge of AWIM are (1) an assault; (2) with the intent to kill; (3) which, if successful, would make the killing a murder. *People v Anderson*, 322 Mich App 622, 632; 912 NW2d 607 (2018). It is undisputed that defendant opened fire from his home on the west side of a residential street, toward the house on the east side of the street. Stubbs fired back at defendant from the east side toward defendant's residence. The record indicates that the partygoers who were injured were struck by bullets coming toward them. As defendant was the only person proven to be shooting westward in the direction of the party attendees, a jury could reasonably conclude that defendant caused the injuries sustained by these individuals.

Moreover, the jury could reasonably infer the requisite intent to kill from defendant's conduct. Defendant fired numerous rounds from an elevated position into an occupied residence without evidence of any attempt to limit the risk to bystanders. From this conduct, a rational jury could infer an intent to kill or, at minimum, a wanton and willful disregard of the likelihood of death or great bodily harm. See *People v Lawton*, 196 Mich App 341, 350-351; 492 NW2d 810 (1992); *People v Goecke*, 457 Mich 442, 463; 579 NW2d 868 (1998). For these reasons, we

conclude the prosecutor presented sufficient evidence at trial to convince a reasonable jury that defendant was guilty of the offenses of first-degree murder and AWIM.

## C. SELF-DEFENSE

Lastly, defendant claims that he properly established a claim of self-defense and that the prosecution summarily failed to refute his defense. Under the common law, a claim of self-defense permits a defendant to justify criminal conduct "if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself." *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010) (quotation marks and citation omitted). A proper claim of self-defense can extend beyond murder or manslaughter to crimes such as assault and battery. *Id*. Additionally, "unless attacked inside one's own home, or subjected to a sudden, fierce, and violent attack, a person has a common-law duty to retreat, if possible, as far as safely possible." *People v Allen*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 352625); slip op at 5 (quotation marks and citation omitted). The Self-Defense Act (SDA), MCL 780.971 *et seq.*, "modified the common law's duty to retreat" but still requires, to justify the use of deadly force, that "[t]he individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual." *Allen*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted); see MCL 780.972(1)(a). When there is some evidence that would allow a jury to conclude the defendant acted in lawful self-defense, the burden falls to the prosecution to disprove the defense beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 155; 815 NW2d 85 (2012).

Here, there was sufficient evidence presented at trial to disprove defendant's self-defense claim beyond a reasonable doubt—namely, to disprove that he used deadly force with the honest and reasonable belief that doing so was necessary to prevent his imminent death or great bodily harm. According to defendant, "he only fired his weapon, in fear for his life, after Andre Willis pointed a gun at him." Defendant further claimed "he only resumed firing after Daniel Stubbs and someone else at the party fired at him." The evidence at trial, however, demonstrated that, other than allegedly pointing a gun at defendant, Willis took no further threatening action; he did not say any additional threatening words, follow defendant after he walked back toward his home, or fire at him at any point. Defendant claimed that he was unsure if Willis had ammunition that could pierce the walls of his home. But whether defendant honestly and reasonably believed this was a question of credibility for the jury, and we see no grounds to disrupt that credibility assessment on appeal. See *Oros*, 502 Mich at 239 ("[A] reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict.") (quotation marks and citation omitted); *Kenny*, 332 Mich App at 403 ("[A]n appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses."). Indeed, the record is void of evidence that it was reasonable for defendant to suspect that Willis had such ammunition or would attempt to fire at defendant while he was inside of his home. Defendant testified he had ample time, between when Willis pointed a gun at him and when he shot Willis and Thirkield, to retreat into his home, recover his firearm, load it, and return to Willis's car. Viewed in the light most favorable to the prosecution, that testimony does not assist defendant in his claim. Indeed, coupled with the evidence presented at trial, the jury had sufficient evidence to conclude beyond a reasonable doubt that defendant's decision to reengage with and open fire on

Willis and Thirkield was not justified by any honest and reasonable belief of its imminent necessity.

Similarly, although defendant claimed that partygoers from across the street fired at him first, there was evidence presented at trial to the contrary, all of which was for the jury to weigh and assess. See *Oros*, 502 Mich at 239; *Kenny*, 332 Mich App at 403. The evidence also showed that defendant positioned himself on his roof and fired numerous shots across the street. Viewed in the light most favorable to the prosecution, this evidence was likewise sufficient to permit the jury to conclude beyond a reasonable doubt that defendant did not open fire on these individuals out of any honest and reasonable belief of its imminent necessity, and that his use of such deadly force was not justified.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher P. Yates
/s/ Philip P. Mariani