# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT DESHAWN LEWIS,

Defendant-Appellant.

UNPUBLISHED
May 18, 2017

No. 331513
Macomb Circuit Court
LC No. 2015-003104-FC

Before: SERVITTO, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of one count of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a), and five counts of second-degree CSC, MCL 750.520c(1)(b), fourth offense. Defendant was sentenced to concurrent prison terms of 25 to 50 years for the first-degree CSC conviction, and 200 to 360 months for the second-degree CSC convictions. Defendant now appeals as of right. We affirm.

## I. FACTUAL BACKGROUND

This case arises from six instances of criminal sexual assault on two minor children, which happened between January 2013 and March 2014. For privacy reasons, the children will be referred to as DL and EL. Both of the children were girls who were under the age of 13 and defendant was over the age of 17. Defendant lived with the girls because he was dating their mother. One of the assaults involved penetration and the others involved improper touching of the minor children's unclothed breasts or vaginas. In all of the instances, the conduct happened in secret when other family members were home, but not nearby. Many of the assaults happened late in the evening on the family couch and often, the girls were in their pajamas.

EL and DL had an older sister, who will be referred to as NM. NM did not live with her mother and her sisters. One weekend in late May 2013, NM went to visit her mother at the home where defendant resided. One late evening, NM was lying on the family couch. Defendant was seated in a nearby chair, but moved to the couch and sat upright near NM's feet. NM was asleep and she felt defendant's hands "like go up my body." Defendant touched NM's leg, thigh, and butt on top of her pajamas and then he moved his hand up and down over her clothes on her vagina. NM left the room and the sexual assault ended. Eventually, defendant entered a plea of nolo contendere of attempted fourth-degree criminal sexual conduct.

-1-

## II. ADMISSION OF NM'S TESTIMONY

Defendant first argues on appeal that the trial court abused its discretion by allowing the testimony of NM and evidence of defendant's prior conviction because the testimony was irrelevant and overly prejudicial. "A trial court's admission of other-acts evidence is reviewed for an abuse of discretion." *People v McGhee*, 268 Mich App 600, 609; 709 NW2d 595 (2005). "A trial court abuses its discretion when it admits evidence that is inadmissible as a matter of law." *Id.*

MCL 768.27a provides in part:

> (1) Notwithstanding section 27, in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

> (2) As used in this section:

> (a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.

> (b) "Minor" means an individual less than 18 years of age.

MCL 768.27a still remains subject to MRE 403. *People v Watkins*, 491 Mich 450, 486; 818 NW2d 296 (2012). MRE 403 provides that evidence must be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id*. at 481. "[W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect. That is, other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Id*. at 487. However, other-acts evidence may be excluded if the evidence is overly prejudicial. *Id.* "There are several considerations that may lead a court to exclude such evidence." *Id.* These considerations include:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id.* at 487-488]

Defendant argues that NM's testimony was irrelevant and unfairly prejudicial, and that it should have been excluded pursuant to MRE 402 and MRE 403 because of the "dissimilarity between the other acts and the charged crimes." Defendant argues that this other-acts evidence was dissimilar because NM was 16 years old and the victims in the instant case were under 13 years old. In addition, defendant argues that the following factors should have been weighed against admissibility: (1) there was no temporal proximity between the other acts and the charged crime, (2) the other-acts evidence is only one incident so there is a lack of frequency, and (3) the jury only needed to hear the testimony of DL and EL. Defendant's arguments are without merit.

Defendant argues that it is important to distinguish that NM was 16 years old when the assault occurred and her sisters were only 11 and 12 years old. Defendant asserts that the legislature imposed a different penalty on defendants who sexually assaulted older children, as opposed to children who were under 13, and that this fact should be dispositive to show that the assault of NM was different than the assaults of DL and EL. But the fact that the legislature has imposed a mandatory minimum sentence of 25 years for offenders who victimize a person under 13 is irrelevant. The governing law is MCL 768.27a, which simply provides that other-acts evidence is admissible if the other-acts evidence involves a "listed offense" and the victim was a minor, which means that the victim was under 18 years of age. In addition, the factual basis of the other-acts evidence is clearly relevant and admissible under MRE 402. And the evidence is not overly prejudicial under MRE 403. The other-acts evidence pertaining to the victims' sister, NM, demonstrates a pattern showing that defendant preyed on these minor children when they were alone, outside of the presence and protection of their mother and other family members, and that defendant performed the acts in secret. There are clearly parallels between the circumstances surrounding NM's sexual assault and the sexual assaults of DL and EL. NM was assaulted on a couch in her mother's home late in the evening. DL was assaulted on a couch in her mother's home late in the evening. EL was assaulted on her mother's bed. NM was wearing her pajamas with underwear underneath. DL was wearing her pajamas and on at least two occasions she wore underwear underneath. All of the assaults involved defendant touching the girls in their private chest or vaginal areas, either over their clothes or on their skin, with the exception of one time that involved penetration.

Defendant assaulted NM in 2013 and DL and EL were assaulted around the same time. This demonstrates that there was, in fact, temporal proximity. While there was only one other-acts occurrence, this is immaterial because of the similarity between the other-acts evidence and the sexual assaults that are the subject of this case. Finally, other-acts evidence so similar to the sexual assaults in the instant case shows that there was a need for the jury to hear the other-acts evidence. This evidence showed defendant's propensity to sexually assault the female minor daughters of his then-girlfriend. It also does not matter that the incident involving NM was a misdemeanor and not a felony. MCL 768.27a does not make a distinction between other-acts evidence pertaining to misdemeanors or felonies. The statute simply provides that, "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible[.]" Accordingly, the trial court did not abuse its discretion by admitting NM's testimony and a copy of defendant's conviction related to that sexual assault.

331513

## III.  SIXTH AMENDMENT RIGHT TO PUBLIC TRIAL

Defendant next argues that he was deprived of his Sixth Amendment right to a public trial because the trial court closed the courtroom during the testimony of DL and EL.  This issue is reviewed de novo because it is a constitutional issue.  *People v Pennington*, 240 Mich App 188, 191; 610 NW2d 608 (2000).

"The right to a public trial 'has its roots in our English common law heritage.' " *People v Vaughn*, 491 Mich 642, 650; 821 NW2d 288 (2012), quoting *In re Oliver*, 333 US 257, 266; 68 S Ct 499; 92 L Ed 682 (1948).  "The Sixth Amendment of the United States Constitution expressly enumerates this right and states that a criminal defendant 'shall enjoy the right to a . . . public trial . . . .' " *Vaughn*, 491 Mich at 650.  The Michigan constitution also guarantees that a criminal defendant will have the right to a public trial.  *Id*.  However, "[a] defendant's Sixth Amendment right to a public trial is limited, and there are circumstances that allow the closure of a courtroom during any stage of a criminal proceeding, even over a defendant's objection[.]"  *Id*. at 653.  " '[T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.' "  *Id.*, quoting *Presley v Georgia*, 558 US 209, 214; 130 S Ct 721; 175 L Ed 2d 675 (2010) (citation omitted).

MCL 600.2163a(16) allows the court, upon the motion of a party, to make special arrangements to protect the welfare of a witness.  The factors for the court to consider are:

(a)  The age of the witness.

(b)  The nature of the offense or offenses.

(c)  The desire of the witness or the witness's family or guardian to have the testimony taken in a room closed to the public.

(d)  The physical condition of the witness.

Defendant argues that the trial court erred because it did not make findings of fact pursuant to MCL 600.2163a(16).  A review of the record reveals that the trial court did make findings of fact when it ruled on the prosecutor's motion to close the court room.  The prosecutor asked to have the courtroom closed to protect the children because their testimony was of a sensitive nature and the courtroom was an intimidating setting.  In granting the prosecutor's motion, the trial court noted that DL and EL were both very young and the testimony they were to give was very sensitive because they were going to be talking about the sexual assaults at issue.  Defendant and his counsel were permitted to stay in the courtroom during DL and EL's testimony and the courtroom was only closed for the limited time that the two minors testified.  It is clear that the trial court considered the fact that the children were minors and that their testimony was of a sensitive nature.  Under the circumstances, the trial court properly determined that special arrangements were needed to protect the child witnesses.

Defendant's argument that DL and EL's testimony should have been broadcast by closed circuit television is also without merit. MCL 600.2163a(17) does not require the trial court to broadcast the minor's testimony by closed circuit television. The statute simply provides the court with options to protect a witness. However, assuming that the trial court did not comply with MCL 600.2163a(17), and that this was error, defendant has not shown that relief is warranted. See *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

Finally, we reject defendant's claim that the closure of the court room in conjunction with the use of a support person, as permitted under MCL 600.2163a(4), sent a message to the jury that the trial court believed that DL and EL were telling the truth. Defendant has not provided any support for his argument and there is nothing in the record to establish his claim.

## IV. RIGHT TO PRESENT A DEFENSE

Next, defendant argues that he was deprived of his constitutional right to present a defense because his direct examination of Heather Solomon, an interviewer from Care House, was interrupted with hearsay objections that were sustained. The trial court's admission or exclusion of evidence is reviewed by this Court for an abuse of discretion. *People v Steele*, 283 Mich App 472, 478; 769 NW2d 256 (2009).

MRE 801(c) defines hearsay as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "Hearsay is generally prohibited and may only be admitted at trial if provided for in an exception to the hearsay rule." *People v Gursky*, 486 Mich 596, 606; 786 Mich 579 (2010). Defendant argues that he was not attempting to offer a "statement," but the absence of a statement. A statement has been defined as "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." MRE 801(a). A review of the record reveals that defendant sought testimony from Heather Solomon about what DL and EL told her or about how DL and EL felt. This was a classic case of eliciting hearsay testimony. Defendant had already asked these same questions of DL and EL and he had received responses, based upon their personal knowledge. While defendant claims that he was not eliciting hearsay statements, his questions showed otherwise. The trial court did not abuse its discretion by excluding the hearsay responses of Heather Solomon.

## V. IMPOSITION OF COSTS

Defendant also argues that the trial court imposed costs in the amount of $4,500, of which $3,625 were attorney fees, without making the requisite findings of fact. Because defendant failed to object to the imposition of costs, this Court reviews the issue for plain error. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). "To establish plain error requiring reversal, a defendant must demonstrate that '1) error must have occurred, 2) the error was plain, i.e. clear or obvious, 3) and the plain error affected substantial rights.' " *People v Hanks*, 276 Mich App 91, 92; 740 NW2d 530 (2007), quoting *Carines*, 460 Mich at 763.

It was not plain error for the trial court to assess attorney fees against defendant without making findings of fact. MCL 769.1k(1)(b)(*iii*)(C) and (*iv*) provide:

(1) If a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of sentencing or at the time entry of a judgment of guilt is deferred pursuant to statute or sentencing is delayed pursuant to statute:

* * *

(b) The court may impose any or all of the following:

* * *

(*iii*) . . . any cost reasonably related to the actual costs incurred by the trial court *without separately calculating those costs involved in the particular case, including, but not limited to, the following*:

* * *

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

(*iv*) The expenses of providing legal assistance to the defendant.

Defendant argues that the statue provides that when costs incurred by the trial court are assessed, the trial court does not have to make findings of fact, but when attorney fees are assessed, the trial court must make findings of fact. This argument is contrary to the language of the statute. Where the statutory language is "unambiguous, the Legislature is presumed to have intended the meaning expressed and further judicial construction is impermissible." *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012). "Words in a statue are given their plain and ordinary meaning[.]" *Id.*

Here, the language of the statue is clear and provides that costs (which include the expense of providing legal assistance to defendant) do not have to be separately calculated. Contrary to defendant's argument, there is nothing in the statute which requires the court to examine a bill for services, take testimony about the number of hours that counsel expended, or have a discussion regarding a reasonable hourly fee. The trial court stated on the record that the $4,500 judgment included $3,625 for attorney fees and $875 as a separate judgment. Given that the language of the statute includes attorney fees as a component of costs, which do not have to be separately calculated, the trial court's award of $4,500 in defense costs, without making findings of fact as to the award of attorney fees, was proper. Defendant has failed to show that there was any plain error.

VI. STANDARD 4 BRIEF

Next, defendant raises several issues in a supplemental brief filed in propria persona pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4.

Defendant raises several arguments regarding the assistance of trial counsel. He first argues that the trial court erred by not providing him with substitute counsel. This argument is

-6-

without merit.  During the proceedings on November 16, 2015, defendant asked the trial court to appoint a new attorney and the trial court appointed a new attorney.

Defendant also claims that his counsel was ineffective because he failed to investigate at the pretrial phase, failed to file motions, and failed to understand the "substantial and procedural."  Defendant did not object to any of the claims of error.  "Where claims of ineffective assistance of counsel have not been preserved, our review is limited to errors apparent on the record."  *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).   We have reviewed the record and no errors are apparent.  In brief, while defendant claims that his counsel should have performed further investigation, defendant fails to indicate what other investigation should have been performed that would have led to the discovery of additional and helpful evidence.  Defendant also fails to substantiate his claims that his attorney should have sought to subpoena a "favorable material witness" under MCL 775.15 or that a motion for an expert witness should have been filed because such testimony would have aided the jury in reaching its verdict, *People v Smith*, 425 Mich 98, 105; 387 NW2d 814 (1986).  And defendant has failed to demonstrate that his counsel did not understand the "substantial and procedural" matters contested.  Accordingly, defendant's argument that his counsel was ineffective must fail.

Next, defendant argues that he did not have a circuit court arraignment within the 21-day rule as required under MCR 6.113.  Defendant did not raise this issue in the trial court, thus, our review is for plain error.  See *Konopka (On Remand)*, 309 Mich App at 356.  "To establish plain error requiring reversal, a defendant must demonstrate that '1) error must have occurred, 2) the error was plain, i.e. clear or obvious, 3) and the plain error affected substantial rights.' "  *Hanks*, 276 Mich App at 92, quoting *Carines*, 460 Mich at 763.

While we find no requirement in MCR 6.113 that defendant be arraigned in the trial court 21 days after his preliminary hearing, defendant was in fact was arraigned on September 21, 2015, which was 21 days after his preliminary examination, which occurred on August 31, 2015.  Defendant was presented with the information at the arraignment and he waived a formal reading of the charges.  There is no error, plain or otherwise, and this issue is without merit.

Finally, defendant argues that the trial court did not have jurisdiction because the complaint was defective and the court's jurisdiction was compromised.  A complaint must only recite the substance of the accusation and contain factual allegations establishing reasonable cause.  MCL 764.1a(1).  The complaint must be sworn before a magistrate or clerk.  *Id.*  Factual allegations contained in a complaint may be based upon information and belief, personal knowledge, or both.  MCL 764.1a(3).

An examination of the initial complaint reveals that it was a two-count complaint that contained one count of first-degree CSC with  a person under the age of 13, pursuant to MCL 750.520b(1)(a), and a second count of second-degree CSC with a person less than 13 years old, pursuant to MCL 750.520c(1)(b).  Without revealing the identity of the minors, each count contained a limited amount of facts as they pertained to the acts allegedly done to the minor children.  The complaining witness was a police detective and the complaint was sworn before a magistrate or a clerk on July 23, 2015.  Contrary to what defendant believed should have been in the complaint, the complaint was proper because it recited the substance of the accusations and it

contained factual allegations establishing reasonable cause.  Defendant has failed to show that plain error occurred.

Affirmed.


/s/ Deborah A. Servitto
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood